## DIAMOND *v.* CLEARY.

[No. 12,816. Filed June 19, 1928. Rehearing denied November 13, 1928. Transfer denied January 31, 1929.]

William J. Whinery, for appellant.

Tinkham & Galvin, for appellee.

ENLOE, P. J.—This action was brought by appellee, claiming to be an employee of appellant, to recover damages on account of alleged personal injuries.

The appellant was, on the day of the alleged injury, and for some time prior thereto had been, operating a fruit and vegetable store in the city of Hammond, Indiana. In the complaint it was alleged, *inter alia*, that the appellant was operating said store on February 11, 1924; that on said date the appellee was an employee of appellant; that on divers occasions previous to said date, appellee had been in the employment of appellant, at said store, as a general helper in loading, unloading, and in transporting such fruits and vegetables as were handled at said store; that in the conduct of his said business, the appellant was accustomed to, and did, purchase fruits and vegetables on the wholesale market in Chicago, Illinois, and did cause the fruits and vegetables so purchased to be transported from place of purchase to his place of business in Hammond, Indiana, by truck, which the appellant owned and operated for that purpose; that on said date, and for some time prior thereto said truck was, and had been, in the control of a son of appellant, Al Diamond, and said son was during said time driving said truck and using the same to transport fruits and vegetables from Chicago, Illinois, to Hammond, Indiana; that when, during said time, said Al Diamond would make a trip to Chicago to haul back a load of such fruits and vegetables, he was usually, with

the knowledge and consent of the appellant herein, accompanied by one of appellant's employees, who rode with him on said truck, and assisted in the loading and unloading of said truck, and who also rendered such other service as might be required of a helper on said truck, all under the direction of said Al Diamond.

It is alleged that on February 11, 1924, Al Diamond drove said truck to Chicago for the purpose of bringing to Hammond a truck load of vegetables and fruits, the property of appellant; that on said occasion, the appellee, as an employee of appellant, went with said Al Diamond as a helper and did assist, work and serve as a helper on said truck on said day; that said truck was driven to South Water street in Chicago, and there loaded with fruits and vegetables, the property of appellant, the appellee assisting in said work of loading said truck; that on the return to Hammond, it became necessary for said truck to pass under a certain viaduct, and, on arriving at said viaduct, the appellee was ordered and directed by said Al Diamond, he then and there being the agent of appellant and the driver of and in charge of said truck, to get out of the cab of said truck and to climb up the side of the load on said truck and observe, or see, whether there was sufficient clearance to permit said truck to pass, with its then load, under said viaduct; that appellee started to obey said order and, while he was climbing up the side of said truck, in his endeavor to get to a point from which he could determine whether the said viaduct would probably clear said truck with its then load, said driver negligently, suddenly, and without warning to appellee, started said truck and swerved the same to the right, whereby the appellee was caught between said load and certain iron supports of said viaduct and his body crushed, squeezed, and twisted between said load and the said iron supports of said viaduct, and that he was then and thereby injured. The injuries claimed by

appellee to have been then and there received are set forth in detail, and it is then alleged that the appellant had not complied with the Workmen's Compensation Act of this state (Acts 1915 p. 392, §9446 *et seq.* Burns 1926), by insuring his liability as an employer in any corporation, association, or organization authorized to write and carry such insurance in this state, nor had he presented to the Industrial Board proof of his own financial ability to pay compensation when due, and that he had not filed with the Industrial Board any evidence of his compliance with said act as to the matter of carrying such insurance, and that he was not operating his said business under and according to the provisions of said act. Damages were asked in the sum of $25,000.

Appellant first moved that the appellee be required to make the said complaint more specific in certain designated particulars, which motion was overruled. Appellant next demurred to said complaint "for want of facts," and "for want of jurisdiction," which demurrer was also overruled. Appellant then answered by general denial, and the cause was submitted to a jury for trial, which resulted in a verdict and judgment for appellee.

Appellant first complains of the action of the court in overruling his motion to make said complaint more specific. As to such rulings it was said in *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401: "The question of granting or refusing such motions is largely within the discretion of *nisi prius* courts, and their action on appeal will be upheld unless it appears that the complaining party has suffered from such ruling." The appellant has not shown that he was harmed by the ruling complained of, and under the rule as above announced, we cannot say that the trial court erred.

It is next urged that the court erred in overruling the demurrer to said complaint. Under this assignment,

appellant insists that as between the parties hereto, under the averments of the complaint, the court had no jurisdiction of the subject-matter; that under the averments of the complaint, the only remedy of the appellee was by an application to the Industrial Board for an adjustment of compensation. We cannot concur in this contention. It is, among other things, provided in §68 of the Workmen's Compensation Act (§9513 Burns 1926), that: "Every employer under this act shall either insure or keep insured his liability hereunder in some corporation, association or organization authorized to transact the business of workmen's compensation insurance in this state, or shall furnish to the Industrial Board satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided for in this act." The complaint in this case directly averred that the appellant herein had not done either of the things above required of him.

It is not averred that the appellant had given notice, as provided for in §3 of the Workmen's Compensation Act (§9448 Burns 1926), and thereby specifically exempted himself from the provisions thereof to pay compensation, but the complaint proceeded upon the theory that, not having given said notice, he was presumably operating under said act, and that, therefore, it was his duty to carry the insurance contemplated by said act, or to satisfy the Industrial Board of his financial ability to pay any compensation, directly, that might be awarded against him, and thereby secure an exemption from carrying such insurance, and that he failed to comply with either of these requirements, and that, by reason of such failure, the appellee had the election given him by §69 of said act (§9514 Burns 1926) to ask for compensation or to bring his action at law, as specifically provided for in §10 of said act (§9455 Burns 1926).

The contention of appellant is fully met and answered in *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865, and we therefore conclude that, as between the parties to this suit, under the averments of said complaint, the court had jurisdiction of the subject-matter of this case.

The appellant next urges that the said complaint is insufficient because no negligence is alleged as against the appellant personally. Direct negligence of the employer, such as may be said to be the proximate cause of the injury, when he fails to comply with the provisions of our compensation act, is not necessary before a recovery may be had in an action at law. Under our law, such an employer, when sued in an action at law on account of injuries sustained, may not defend upon any one of the following grounds, viz.: Contributory negligence, assumption of risk by employee, or negligence of a fellow servant. §10, Employers' Liability Act, §9455, *supra*.

It is next urged that the court erred in overruling the appellant's motion for a new trial, and under this assignment, appellant first insists that the verdict is not sustained by sufficient evidence, and that the court therefore erred in refusing to give his tendered peremptory instruction to find for the appellant. In support of this proposition, appellant says that the complaint does not charge negligence as against the appellant, and that there is no proof that appellant did anything, or that he omitted to do anything, which in any way caused the said injury to appellee; that no negligence whatever is shown as against said appellant; and that therefore the evidence is insufficient to sustain said verdict. It is true that no specific act of negligence, as to being the proximate cause of appellee's injuries, is directly charged as against the appellant, Jacob Diamond; the act of negligence charged being directed against Al

Diamond, his alleged agent and son, and the driver of, and in charge of, said truck. The evidence is sufficient to sustain this charge of negligence.

Under the provisions of §§68 and 69 of our Compensation Act (§§9513, 9514 Burns 1926), the appellant had an election, a choice, as to whether or not he would operate his business under the compensation act and either protect his employees by carrying insurance or satisfy the Industrial Board of his own financial ability to pay compensation, or operate his business without complying with the provisions of said act. He did not carry such insurance, nor did he satisfy said board of his own ability to pay compensation to his employees, and was not, therefore, operating under the provisions of said act, of which fact he gave no notice to his employees. Under such circumstances, the employee appellee, had an election: he could ask for an award of compensation according to and under the provisions of said act, or he could sue at law for damages, in which latter case, the employer was deprived of certain defenses as heretofore noted. Had the appellee chosen to ask for an award of compensation, there could be no question, upon the record before us, as to his being entitled to such an award for the injuries by him sustained, but, as the appellant had failed to comply with the provisions of said §§68 and 69 of the said act, and as he was, under such circumstances, deprived of his defenses of assumption of risk and contributory negligence, the employee was placed in a situation to maintain an action at law for damage. There is no contention that the appellant, acting personally, hired the appellee. The testimony of the appellee is that he was employed for this trip by Al Diamond, the driver of said truck, acting as an agent for his father in that behalf. Whether the contract was made as testified to by appellee, and whether Al Diamond had authority to act as agent of his father and make

said contract of employment, were questions of fact for the jury. They found the facts as contended for by the appellee, and there is competent evidence to support this finding.

Appellant next complains of the action of the court in refusing to give his tendered instructions Nos. 9, 10, 13 and 15. There was no error in refusing to give any of said instructions. Each was drawn upon a wrong theory as to the law which governs cases of this character; they were drawn in harmony with appellant's idea of the law as presented upon his demurrer to the complaint, and also as to the sufficiency of the evidence.

Objection is also made to certain instructions given by the court to the jury, but we find nothing in any of said instructions given by the court that would warrant a reversal of this case. Complaint is also made of the action of the court in admitting certain evidence, but no reversible error has been presented as to any evidence to which objection was made.

If the appellee were injured, as claimed, and to the extent claimed by him, of which the jury were the judges, the verdict is, to our minds, by no means excessive.

Affirmed.

Dausman, J., absent.