PINNELL-DULIN LUMBER COMPANY *v.* DAY.

[No. 15,871. Filed March 10, 1938.]

. *Christian & Waltz* and *Cleon Wade Mount,* for appellant.

*Cloe, Campbell & Cloe* and *Kemp & Bolton,* for appellee.

KIME, J.—This was an action for damages for personal injuries. To the amended complaint in one paragraph there was an answer in general denial. Trial was had to a jury resulting in a verdict for the appellee in the sum of twenty-five hundred ($2500.00) dollars. A motion for a new trial was filed and overruled. This appeal followed and the only error *properly* assigned is the overruling of the motion for a new trial. The grounds of the motion *properly* presented are that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the damages assessed are excessive.

From the evidence most favorable to the appellee it appears that the appellant was a duly organized corporation engaged in the lumber, building material, and coal trade in Noblesville, Indiana; that the corporation had elected not to operate under the provisions of the Indiana Workmen's Compensation Act and as required by statute had filed a notice of rejection with the Industrial Board of Indiana and posted notices upon the property; that the appellee was employed by the appellant to deliver coal and do other work necessary to its business such as unloading lumber from railroad cars and handling cement; that on the day the injury in question occurred the appellee was engaged in delivering coal to customers of the appellant; that appellee

owned a truck and was paid fifty (50¢) cents for each ton delivered; that the manager of the appellant had ordered the appellee to deliver coal from a certain bin and to shovel the coal from the bottom of the bin in such manner as to prevent the coal from falling from the top of the bin; that the bin was several feet high and as the appellee loaded the truck it was necessary that he turn his back to the coal in the bin as he shoveled the coal into the truck; that while carrying out the manager's orders a lump of coal rolled down against his leg causing the injury; that the injury necessitated medical attention and resulted in appellee losing much time from his work, and as a result of the injury he was unable to do any labor. That the appellee earned from $16.20 to $25.00 per week and at the time of the trial had been out of work as a result of the injury some twenty-six weeks.

The appellant contends that the appellee failed to prove that the appellant had rejected the Workmen's Compensation Act. The evidence shows conclusively that the appellant had rejected the act and filed the necessary papers with the Industrial Board and had posted the notice required by the act on the property used by the corporation. The certificate of the rejection containing a recital of the posting was admitted without restriction and was, therefore, general evidence. *Federal Life Ins. Co.* v. *Bower* (1936), 102 Ind. App. 65, 198 N. E. 104.

There is also a contention that the appellee was an independent contractor. The contract of employment did not provide any certain, definite amount or quantity of hauling or that appellee could have hired or did hire under-employees; and that he was not liable to be discharged at any time. These are some of the facts necessary to be considered in determining whether the status is employee or independent

contractor. It can not be said as a matter of law in the face of the finding of the jury that the appellee was not an employee. *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *Carr* v. *Krekeler* (1932), 94 Ind. App. 508, 181 N. E. 526.

There is a contention that the appellee assumed the risk of the injury. "The Indiana Workmen's Compensation Act of 1929," in section 10, provides, "Every ■ employer, except as provided in section 18, who elects not to operate under this act shall not in any suit at law by an employee to recover damages for personal injury or death by accident be permitted to defend any such suit at law upon any one or all of the following grounds: (a) That the employee was negligent; (b) that the injury was caused by the negligence of a fellow employee; (c) that the employee had assumed the risk of the injury." Whether or not the appellee did assume the risk is not available to the appellant in this action. *Diamond* v. *Cleary* (1929), 88 Ind. App. 518, 162 N. E. 372.

Appellant's contention that the damages assessed were excessive is not sustained because the record fails to show that the verdict was the result of undue influence, passion, partiality, or prejudice.

There is no merit in the proposition that the appellee was negligent in the care of his leg after the injury. This was a question of fact for the jury and was decided against the appellant.

Appellant attempted to present other questions but those properly presented have been discussed. The evidence sustains the verdict and it is not contrary to law.

The judgment of the Tipton Circuit Court is in all things affirmed and it is so ordered.