VIRGINIA USED AUTO PARTS, INC. v. CHARLIE C. ROBERTSON, A/K/A, ETC.

June 14, 1971.

Record No. 7444.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*James M. Pickrell (Kellam, Pickrell, Lawler, Hodges & Kellam,* on brief), for appellant.

*Robert E. Brown (Henry E. Howell, Jr.; Howell, Anninos & Daugherty,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the court.

This appeal by Virginia Used Auto Parts, Inc., is from an order of the Industrial Commission holding that the claim of Charlie C. Robertson arising from an industrial accident was not barred by the judgment previously rendered against him in an action at law, and awarding him compensation under the Workmen's Compensation Act.

Robertson was injured in an accident which arose out of and in the course of his employment. He filed an application with the Commission against his employer, Virginia Used Auto Parts, Inc., for compensation under the Act. Before his claim had been heard, Robertson requested the Commission to suspend action thereon pending

disposition of a civil action which he proposed to institute against his employer for the same injuries.

The action subsequently brought by Robertson was tried in the Circuit Court of the City of Norfolk and resulted in entry of judgment for his employer on the ground that there was no proof of negligence on the part of the employer which proximately caused Robertson's injuries. No appeal was taken from the final judgment order.

Robertson then requested that the Commission set for hearing his claim for compensation under the Act. His employer moved to dismiss the claim, asserting that it was barred by the final judgment entered against Robertson in the civil action. The motion to dismiss was overruled, the claim was heard on its merits and an award of compensation was made by Deputy Commissioner Rushbrooke. His findings of fact, conclusions of law and award were affirmed by the Commission.

The sole question for determination is whether Robertson, in pursuing his action at law to a final and unsuccessful conclusion, made an election which barred him from compensation under the Act.

It is conceded that, at the time Robertson was injured, his employer was not insured in compliance with the Act. The employer was therefore subject to the provisions of Code § 65-102 (now Code § 65.1-106):

> "If such employer refuses and neglects to comply with the provisions of the preceding section (§65.1-105) he shall be punished by a fine of ten cents for each employee at the time of the insurance becoming due, but not less than one dollar nor more than fifty dollars for each day of such refusal or neglect, and until the same ceases, *and he shall be liable during continuance of such refusal or neglect to an employee either for compensation under this Act or at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident,* and in any such suit such employer shall not be permitted to defend upon any of the following grounds:
>
> "(1) That the employee was negligent;
>
> "(2) That the injury was caused by the negligence of a fellow employee; or
>
> "(3) That the employer had assumed the risk of the injury.

"The fine herein provided may be assessed by the Commission in an open hearing with the right of review and appeal as in other cases." (Emphasis added)

The Commission, in its opinion, held that this section was "a statutory guarantee for payment of damages for personal injury sustained in an accident arising out of and during the course of the employment by an employee of an uninsured employer." Hence it concluded that Robertson's unsuccessful common law action was no bar to his claim under the Act.

We agree with this conclusion. The statute, penal in nature, provides extraordinary advantages to an injured employee when his employer has failed or refused to comply with the Act. It imposes liability upon the uninsured employer either in a civil action, in which he is not permitted to assert certain important defenses, or in a proceeding under the Act. It does not explicitly require the employee to make an election of remedies. And, being part of the Act, the statute is to be liberally construed in favor of the employee. *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942).

There is a conflict of authority as to whether an employee is barred by an unsuccessful law action from recovering compensation from his employer under a Workmen's Compensation Act. Annot., 94 A. L. R. 1430 (1935). But the majority view is that under a statute giving the employee the right to proceed either at law or under a Workmen's Compensation Act against an uninsured employer the employee will not be barred by an unsuccessful action at law. A. Larson, Workmen's Compensation, Vol. 2, Sec. 67.22 (1970).

Because of the variations in statutory language from one state to another we find little to be gained from a consideration of the construction placed upon these statutes elsewhere. Thus, in *Williams* v. *Duggan*, 140 So. 2d 69 (Fla. 1962), cited by appellant, an injured employee was held by the District Court of Appeal to have made an irrevocable election by proceeding unsuccessfully under the Florida Workmen's Compensation Law before initiating an action at law against his uninsured employer. However, the language of the Florida statute, unlike that of the Virginia statute, explicitly required the employee to "elect" between his available remedies. Moreover, the case was reversed by the Supreme Court of Florida which held that the employee had made no irrevocable election because his proceeding under the Workmen's Compensation Law had not been

finally determined on its merits. *Williams* v. *Duggan*, 153 So. 2d 726 (Fla. 1963).

In *Hall* v. *Hall & Mann Lumber Co.*, 32 O. I. C. 216 (1950), a common law action against an uninsured employer was properly held by the Industrial Commission of Virginia not to bar a claim under the Act where the employee took a voluntary nonsuit in the civil action before final judgment.

Third party cases are not analagous for they arise under different sections of the Act from the section with which we are here concerned. Nevertheless, they are further indication of our approval of the principle that the Act will be liberally construed to effectuate its beneficent purposes. *See Noblin* v. *Randolph*, 180 Va. 345, 23 S.E.2d 209 (1942).

We conclude from its language that Code § 65-102 (now § 65.1-106) expressed the overriding legislative intent that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment. Hence unsuccessful resort to a civil action will not bar the employee from pursuing his remedy under the Act.

*Affirmed.*