## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MICHAEL W. DELP v. CLIFTON J. BERRY, SR., AND JOHNSON BRAKE
AND WHEEL SERVICE, INC.

April 23, 1973.

Record No. 8084.

Present, All the Justices.

*Terry H. Davis, Jr.* (*Taylor, Gustin, Harris, Fears & Davis*, on brief), for plaintiff in error.

*Sidney Sacks* (*Lewis, Sacks & DeLaura*, on brief), for defendants in error.

HARRISON, J., delivered the opinion of the court.

In *Virginia Used Auto Parts* v. *Robertson*, 212 Va. 100, 103, 181 S. E. 2d 612, 614 (1971), we concluded that Code § 65.1-106 "expressed the overriding legislative intent that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment" and that "[h]ence unsuccessful resort to a civil action will not bar the employee from pursuing his remedy under the [Workmen's Compensation] Act" (the Act). Code §§ 65.1-1 *et seq.* Here we must decide whether such an employee, who has been unable to collect from his uninsured employer an award made him by the Industrial Commission of Virginia (Commission), can thereafter resort to a civil action against the employer.

Michael W. Delp was injured in an accident which arose out of and in the course of his employment. He filed an application with the Commission against his employer, Johnson Brake and Wheel Service, Inc. (Johnson) for compensation under the Act. The employer claimed it did not have a sufficient number of employees to bring it within the jurisdiction of the Act. The Commission found that the employer was subject to the Act and entered an award in favor of Delp. The employer did not have workmen's compensation insurance and Delp has been unable to collect the amount of his award or any part thereof. Judgment was entered on the award in the Corporation Court of Norfolk and a writ of *fieri facias* was issued thereon and returned "no effects".

Thereafter Delp filed his motion for judgment in the court below against Johnson and Clifton J. Berry, Sr., alleging that Berry employed Delp to work as a mechanic for Berry in his business, known as Johnson Brake and Wheel Service, Inc., and was liable both as an agent of the corporation and on the basis of *respondeat superior*. Appellees pleaded res judicata. The trial court agreed, holding that it was without jurisdiction to determine the matter because exclusive jurisdiction was vested in the Commission. We granted Delp a writ of error.

The record discloses that at the time Delp was injured Johnson was not in compliance with the Act. Code § 65.1-103 prescribes the duty of employers to insure payment of compensation and the effect of such insurance:

"Every employer subject to the compensation provisions of this Act shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force he or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified."

Had Johnson complied with the provisions of the Act, it would have enjoyed the protection of Code § 65.1-40, which precludes a suit by an employee against his employer in the following language:

"The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and reme-

dies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

Johnson canot avail itself of the protection of these statutes for they are conditioned upon an employer having compensation insurance or having established financial ability to pay. Johnson did neither, claiming that its business was not subject to the Act.

Code § 65.1-105 requires every employer subject to the Act to file with the Commission evidence of compliance with the provisions of Code § 65.1-104, requiring of employers subject to the Act insurance or proof of financial ability to pay. Those employers who are subject to the Act and fail to comply with the provisions of Code § 65.1-105 are subject to the penalties prescribed in Code § 65.1-106:

"If such employer refuses and neglects to comply with the provisions of the preceding section (§ 65.1-105) he shall be punished by a fine of one dollar for each employee at the time of the insurance becoming due, but not less than ten dollars nor more than two hundred fifty dollars for each day of such refusal or neglect, and until the same ceases, *and he shall be liable during continuance of such refusal or neglect to an employee either for compensation under this Act or at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident*, and in any such suit such employer shall not be permitted to defend upon any of the following grounds:

"(1) That the employee was negligent;
"(2) That the injury was caused by the negligence of a fellow employee; or
"(3) That the employee had assumed the risk of the injury.

"The fine herein provided may be assessed by the Commission in an open hearing with the right of review and appeal as in other cases." (Emphasis supplied.)

In *Virginia Used Auto Parts* v. *Robertson, supra,* we agreed with the opinion of the Industrial Commission of Virginia which held that Code § 65.1-106 was "a statutory guarantee for payment of damages for personal injury sustained in an accident arising out of and during

the course of the employment by an employee of an uninsured employer". For that reason, we concluded that Robertson's unsuccessful common-law action was no bar to his claim under the Act. Our reasoning there, as here, is that:

"The statute, penal in nature, provides extraordinary advantages to an injured employee when his employer has failed or refused to comply with the Act. It imposes liability upon the uninsured employer either in a civil action, in which he is not permitted to assert certain important defenses, or in a proceeding under the Act. It does not explicitly require the employee to make an election of remedies. And, being part of the Act, the statute is to be liberally construed in favor of the employee." 212 Va. at 102, 181 S. E. 2d at 613.

Appellees argue that Delp is entitled to only one full recovery and with this we agree. He can collect only one time. The problem here is that Delp has effected no recovery. He has not received the satisfaction that can come only with payment.

Since Johnson failed to comply with the provisions of the Act, notwithstanding it was subject thereto, and Delp has been unsuccessful in collecting the award decreed him by the Industrial Commission, we conclude that Delp is not barred from resorting to a civil action to recover damages from appellees.

Accordingly, the order of the lower court sustaining the appellees' plea to the jurisdiction is reversed. The case is reinstated on the docket of the lower court and is remanded for such further proceedings therein as may be indicated, not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*