PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Koontz, S.JJ.

DAVID WHITE CRANE SERVICE, ET AL.

OPINION BY
v.  Record No. 100981        SENIOR JUSTICE CHARLES S. RUSSELL
                                     September 16, 2011
DAVID L. HOWELL

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

This appeal involves the exclusivity provisions of the Virginia Workers' Compensation Act (the Act), Code § 65.2-100 et seq.  An employee of the general contractor on a construction site was allegedly injured by the negligent act of the employee of a subcontractor who carried no workers' compensation insurance.  The injured party brought a common-law action against the uninsured subcontractor and its employee, the alleged tortfeasor.  This appeal presents the question whether the circuit court correctly ruled that the common-law action could proceed, denying the subcontractor's plea in bar based on the exclusivity provisions of the Act.

Facts and Proceedings

On May 7, 2007, James S. Green Contractor, Inc. (Green) was the general contractor engaged in the construction of an industrial facility known as the "Peanut Patch" in Southampton County.  Green contracted with David White Crane Service, a partnership consisting of David W. White, Sr. and David W. White, Jr. (collectively, White Crane) to hoist structural steel

beams into position at the construction site, a part of Green's trade, business or occupation.

On the date in question, David L. Howell (the plaintiff), an employee of Green, acting within the scope of his employment, was engaged in the placement of the steel beams as they were lifted into place by White Crane. White Crane employed Kenneth Burgess (Burgess) as a crane operator to lift the beams. The plaintiff alleges that Burgess negligently operated the crane while hoisting a beam, causing the crane to tip over, losing control of the beam and allowing it to swing into a man-lift upon which the plaintiff was standing, striking and injuring the plaintiff.

The plaintiff brought this action in the circuit court against White Crane and Burgess (the defendants). Green is not a party. The defendants filed a plea in bar, asserting that the Act provided the plaintiff's sole remedy. For the purpose of the plea in bar, the parties entered into a stipulation of facts relevant to the plea as well as certain conclusions of law to which they agreed. The stipulation stated that the defendants were uninsured for workers' compensation liability as required by the Act;[*] the plaintiff had claimed and received workers' compensation benefits from his employer, Green; the defendants

_____

[*] The defendant Burgess, as an employee of White Crane, was not, of course, required by the Act to carry such insurance.

would ordinarily have been deemed to be the plaintiff's statutory co-employees; and, if the defendants had carried workers' compensation insurance, this action would have been barred by the Act.  The parties agreed in their stipulation that the dispositive question on the plea in bar was whether the defendants' lack of workers' compensation insurance deprived them of the protection of the exclusivity provisions of the Act.

The court considered the briefs of counsel, the pleadings and the stipulations of the parties.  In a letter opinion, the court held that the defendants' failure to carry workers' compensation insurance deprived them of the protections afforded by the Act because they were not participants in the statutory workers' compensation system.  The court denied the plea in bar, permitting this action to go forward but, with the agreement of the parties, certified this case for an interlocutory appeal pursuant to Code § 8.01-670.1.  We awarded the defendants an interlocutory appeal.

## Analysis

Because no evidence was taken on the plea in bar, we will review the circuit court's ruling upon the pleadings, supplemented by the facts as stipulated by the parties.  Gray v. Virginia Sec'y of Transp., 276 Va. 93, 97, 662 S.E.2d 66, 68 (2008); Ola v. YMCA of S. Hampton Roads, Inc., 270 Va. 550, 555, 557-59, 621 S.E.2d 70, 72-74 (2005).  There are no disputed

facts relevant to the plea in bar and it presents a pure question of law, to which we apply a de novo standard of review. Hilton v. Martin, 275 Va. 176, 179-80, 654 S.E.2d 572, 574 (2008). We are, therefore, not bound by or limited to the conclusions of law to which the parties agreed in the circuit court.

Code § 65.2-307 provides that the rights and remedies granted by the Act to an employee, when he and his employer have accepted its provisions, shall exclude all other rights and remedies the employee may have on account of injury or death by accident. The injured employee may have a common-law action against a third-party tortfeasor for accidental injuries sustained while working for his employer, but only if the third-party tortfeasor is a "stranger to the work." Whalen v. Dean Steel Erection Constr. Co., 229 Va. 164, 167-68, 327 S.E.2d 102, 104-05 (1985); Slusher v. Paramount Warrior, Inc., 336 F.Supp. 1381, 1383 (W.D. Va. 1971).

The defendants were not "strangers to the work." Both the plaintiff and the defendants were engaged in the same construction project at the time of the accident and both were engaged in the trade, business and occupation of Green, the general contractor. The defendants were subcontractors under Green and the plaintiff was Green's direct employee. The parties to this action were therefore statutory co-employees.

Pfeifer v. Krauss Constr. Co. of Va., Inc., 262 Va. 262, 266-67, 546 S.E.2d 717, 718-19 (2001).  Because the purpose of the Act is to bring within its operation all persons who are engaged in the trade, business or occupation of the contractor who engages to perform the work, all such persons are entitled to the protection afforded by Code § 65.2-307.  Id. at 266, 546 S.E.2d at 719.  Thus, the parties' agreement, in their stipulation, that the plaintiff and the defendants would "ordinarily" be deemed statutory co-employees and that the defendants would therefore have been entitled to immunity from a common-law action in tort if they had carried workers' compensation insurance, is based upon correct principles of law.

The dispositive question remains:  Did the defendants forfeit that protection by failing to carry insurance as required by the Act?  That is a question of first impression, but our prior decisions are instructive.

In Virginia Used Auto Parts, Inc. v. Robertson, 212 Va. 100, 103, 181 S.E.2d 612, 614 (1971), we held that "the overriding legislative intent [expressed by the Act is] that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment."  In that case, the employee was unsuccessful in a common-law action against the employer and thereafter sought an award from the Industrial Commission.  We held that the employee

was not required to make an election of remedies, but could proceed under the Act. In Delp v. Berry, 213 Va. 786, 195 S.E.2d 877 (1973), we considered a variation on that theme. There, an employee received from the Industrial Commission an award of benefits under the Act but found it to be uncollectable because his employer lacked insurance. The employee then filed a common-law action against the employer, but the circuit court sustained the employer's plea of res judicata and held that the Industrial Commission had exclusive jurisdiction. Id. at 786-87, 195 S.E.2d at 878. We reversed, holding that the employer's failure to carry workers' compensation insurance, as required by the Act, forfeited the protection from a common-law action that he would otherwise have had under the exclusivity provisions of the Act. Id. at 789, 195 S.E.2d at 879.

Virginia Used Auto Parts and Delp are both cases in which an employee asserted a claim against an employer. The present case, like Pfeifer, is one in which an employee asserts a common-law action against statutory co-employees.

An independent contractor and his employees, if engaged in the same project in which the injured worker is employed and not "strangers to the work," are deemed the injured worker's statutory co-employees even though he is employed by another contractor on the same project. Although the statutory co-employees are not the injured worker's statutory employers, and

are therefore not liable for the payment of workers' compensation benefits to him, they come within the canopy of the Act. Because the legislative purpose is to bring within the Act all those who are engaged in the work that is a part of the owner's or general contractor's trade, business or occupation, such statutory co-employees are entitled to the exclusivity protections of the Act. The injured worker's sole remedy for job-related injuries caused by statutory co-employees is a claim against his own statutory employer for an award of workers' compensation benefits. Evans v. Hook, 239 Va. 127, 130-31, 387 S.E.2d 777, 778-79 (1990). He may not bring a common-law action against his statutory co-employees. The statutory co-employees' lack of workers' compensation insurance is, in these circumstances, immaterial because they would in no event be liable to the injured worker for benefits under the Act.

There is a significant difference between the facts in Delp and those in the present case. Delp, having found his award of benefits from the Industrial Commission to be uncollectable, would not be doubly compensated by pursuing a common-law action against his employer. Addressing that factor in Delp, we said: "Appellees argue that Delp is entitled to only one full recovery and with this we agree. He can collect only one time. The problem here is that Delp has effected no recovery." 213 Va. at 789, 195 S.E.2d at 879. In the present case, by contrast, the

plaintiff has made a full recovery of workers' compensation benefits under the Act. Permitting him to proceed in a common-law tort action against co-employees not only contravenes the exclusivity provisions of the Act but also would, if successful, result in a double recovery for a single injury.

## Conclusion

For the reasons stated, the defendants were entitled to the exclusivity protection provided by the Act notwithstanding their lack of workers' compensation insurance, and the circuit court erred in denying the defendants' plea in bar. Accordingly, we will reverse the judgment appealed from and enter final judgment here, dismissing the case.

Reversed and final judgment.