Present:  All the Justices

BARRY WYATT REDIFER

                                        OPINION BY
v.    Record No. 101902          JUSTICE S. BERNARD GOODWYN
                                        January 13, 2012
FRANCIS CHESTER, ET AL.

          FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
              John J. McGrath, Jr., Judge Designate

     In this appeal, we consider whether an employee may pursue

a civil action for damages against his employer in addition to

collecting benefits awarded by the Virginia Workers'

Compensation Commission (Commission), when the employer has

failed to insure payment of workers' compensation benefits as

required by Code § 65.2-800.

                            Background

     Francis Chester (Chester), an attorney, maintains a law

office in Augusta County.  Chester is also engaged in raising

sheep and manufacturing wool and operates two businesses,

Cestari Ltd. (Cestari) and Cestari Sheep and Land Company

(CSLC), for these purposes.  On October 9, 2006, Barry W.

Redifer (Redifer) was injured while working for Chester's sheep

and wool business as a wool press operator, when his right arm

became caught in a wool manufacturing machine.  Chester

maintained workers' compensation insurance for his law office,

but not for his farm businesses.  On November 8, 2006, Redifer

filed a workers' compensation claim against Chester, Cestari

and CSLC.  While that workers' compensation matter was pending, Redifer also filed a complaint in the Circuit Court of Augusta County against Chester, Cestari and CSLC seeking damages for their negligence.

The deputy workers' compensation commissioner determined that Cestari was Redifer's employer, that Cestari was uninsured, and that Redifer was entitled to workers' compensation benefits.  The full Commission affirmed the deputy commissioner's findings that Cestari was uninsured and the employer, and that Redifer's injuries were compensable under the Act.  The Court of Appeals affirmed the findings of the full Commission.

Chester, Cestari and CSLC moved to dismiss the complaint pending in the Circuit Court of Augusta County.  They argued that the circuit court action was barred by the worker's compensation benefits awarded to Redifer by the Commission and affirmed by the Court of Appeals, and that Cestari had made payments to medical care providers on Redifer's behalf in accordance with the workers' compensation award and issued a check paying in whole Redifer's disability awards.

Redifer argued that he could pursue a civil action despite obtaining a workers' compensation award because an employer who does not obtain insurance as required by the Workers' Compensation Act (the Act) is not entitled to the limited

liability provided by the Act, even if it pays an award granted pursuant to the Act.

Finding that Redifer had pursued his workers' compensation claim to a final order and that he had a remedy for collection of his workers' compensation award against Cestari and/or the Uninsured Employers' Fund (UEF), the circuit court dismissed Redifer's civil complaint.[1]  Redifer appeals.

## Analysis

Redifer argues that the circuit court erred in ruling that recovery under the Act bars him from seeking damages at law against his employer, when his employer failed to insure payment of workers' compensation benefits as required by the Act.  Citing Virginia Used Auto Parts, Inc. v. Robertson, 212 Va. 100, 181 S.E.2d 612 (1971), Redifer claims that just as an unsuccessful recovery under the Act does not bar the employee of an uninsured employer from seeking recovery in an action at law, a successful or potentially successful recovery under the Act does not bar the employee from seeking "full damages" at law.  He claims that Robertson stands for the proposition that, pursuant to Code § 65.2-805, such an employee is not subject to the concept or defense of election, but is entitled to the

---

[1] The circuit court also dismissed Chester and CSLC as defendants in accordance with the Commission's determination that Cestari, and not Chester or CSLC, was Redifer's employer. That ruling has not been appealed.

maximum benefit he or she can obtain.  Thus, Redifer asserts that if an employee recovers the "limited" benefits of a workers' compensation award, he or she can still pursue "full damages" in an action at law, as long as the employer receives credit on the judgment for any amounts actually paid under the workers' compensation award.

Cestari argues that Code § 65.2-805 precludes an injured employee from pursuing a personal injury action at law when he has already fully and successfully pursued a workers' compensation claim and obtained a recoverable award.  We agree with Cestari.

The Act, in Code § 65.2-307(A), states:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies . . . on account of such injury, loss of service or death.

Every employer and employee, except those statutorily exempted, is conclusively presumed to have accepted the provisions of the Act.  Code § 65.2-300.

The Act requires every employer subject to its compensation provisions to insure the payment of compensation to its employees in the manner required by the Act.  Code § 65.2-800.  See also Code § 65.2-804.  Cestari failed to do

4

so.  It is therefore subject to the provisions of Code § 65.2-805.

Code § 65.2-805(A) provides:

If such employer fails to comply with the provisions of § 65.2-800 or 65.2-804, he shall be assessed a civil penalty of not less than $500 nor more than $5,000, and he shall be liable during continuance of such failure to any employee either for compensation under this title or at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident . . . .

Further, if an employee institutes such a civil suit against his employer, the employer may not assert the defenses that the employee was negligent, that the injury was caused by the negligence of a fellow employee or that the employee had assumed the risk of the injury.  Id.

Interpretation of Code § 65.2-805 presents a pure question of law that this Court reviews de novo.  Syed v. ZH Techs., Inc., 280 Va. 58, 69, 694 S.E.2d 625, 631 (2010).  By its plain language, Code § 65.2-805 gives the employee of an uninsured employer the option to seek compensation under the Act or in an action at law to recover damages for personal injury.

In Robertson, this Court addressed the application of provisions now codified in Code § 65.2-805 in a situation wherein an injured employee obtained suspension of his workers' compensation claim, prior to disposition by the Commission, to institute a civil action against his uninsured employer for the

5

same injuries.  212 Va. at 100-01, 181 S.E.2d at 612-13.[2]  The employee did not prevail in the civil action.  Thereafter, the Commission considered the employee's workers' compensation claim and awarded him compensation.  Id. at 101, 181 S.E.2d at 613.  The employer appealed.

This Court stated that the provisions now codified in Code § 65.2-805 provide "extraordinary advantages to an injured employee when his employer has failed or refused to comply with the [Workers' Compensation] Act" and that the statute is "to be liberally construed in favor of the employee."  Id. at 102, 181 S.E.2d at 613.  We noted that the statute does not explicitly require the employee to make an election of remedies.  Id. Construing the "overriding legislative intent" of the statute to be "that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment," this Court held that "unsuccessful resort to a civil action will not bar the employee from pursuing his remedy under the Act."  Id. at 103, 181 S.E.2d at 614.

_____

[2] In Robertson, this Court considered Code § 65-102, which is substantively equivalent to Code § 65.2-805, currently in effect.

The Court also discussed the application of the provisions now codified in Code § 65.2-805[3] in <u>Delp v. Berry</u>, 213 Va. 786, 195 S.E.2d 877 (1973). In <u>Delp</u>, an employee was successful in establishing the liability of his uninsured employer under the Act, but was unsuccessful in collecting the award. <u>Id.</u> at 787, 195 S.E.2d at 878. The employee thereafter filed a civil action for negligence against his uninsured employer, but the circuit court held that it lacked jurisdiction to hear the case due to the employee's previous workers' compensation award. <u>Id.</u> This Court reversed the circuit court. We held that an employee is entitled to only one full recovery and can collect only one recovery under the provisions now codified in Code § 65.2-805. <u>Id.</u> at 789, 195 S.E.2d at 879. We noted, however, that although Delp was "entitled to only one full recovery," he had not effected any recovery. <u>Id.</u> We held that Delp could file a civil action against his employer because he had not been able to effect recovery of his workers' compensation award. <u>Id.</u>

When considering <u>Robertson</u> and <u>Delp</u> together with the plain language of current Code § 65.2-805, it is apparent that although Code § 65.2-805 is to be liberally construed to allow

---

[3] In <u>Delp</u>, this Court considered Code § 65.1-106, which is substantively equivalent to Code § 65.2-805, currently in effect.

7

an employee to effect a recovery, an employee may collect only one recovery from his uninsured employer. An employee may pursue alternative relief simultaneously, and if the employee fails to collect under the remedy he or she initially pursues to award, the employee may pursue the alternative remedy in an effort to effect a recovery. However, the employee is entitled to only one recovery.

Unlike the employees in the Robertson and Delp cases, Redifer successfully obtained a final workers' compensation award and has received some of that award from Cestari and is assured of recovering all the workers' compensation benefits to which he is entitled from Cestari or the UEF.[4] Redifer has received the recovery he sought under the Act. Thus, the circuit court did not err in ruling that Redifer could not pursue an action at law against his employer after obtaining a final collectible award of workers' compensation benefits.

Conclusion

Accordingly, for the reasons stated, we will affirm the circuit court's judgment.

Affirmed.

---

[4] The UEF was created after this Court rendered its decision in Delp. See Code § 65.2-1200; 1977 Acts ch. 345. The UEF ensures the payment of compensation benefits owed by an uninsured employer that fails to pay benefits ordered by the Commission. Code § 65.2-1203.