# CIRCUIT COURT OF THE CITY OF ROANOKE

Riner B. Wade

v.

Scott Recycling, L.L.C.,
and Jessie Ramey

September 19, 2013

Case No. CL13-372

By Judge David B. Carson

The parties are before the Court on Defendant Ramey's Plea in Bar. Following the hearing in this matter and having considered the stipulated facts and the arguments of counsel, the Court sustains Defendant Ramey's Plea in Bar.

## Facts

Plaintiff Wade alleges that he was an employee of Scott Recycling and that Mr. Ramey was his supervisor. Mr. Wade injured himself on the job, and he alleges that Defendants' negligence in failing to maintain a safe work environment was a proximate cause of his accident and injuries.

For this motion's purposes only, the parties stipulated that, at the time of the alleged accident: (1) Plaintiff and Defendant Ramey were Scott Recycling's employees; (2) Scott Recycling was required to obtain workers' compensation insurance, but it failed to do so; (3) Plaintiff was injured while working within the course of his employment; and (4) Plaintiff's injuries arise out of the course and scope of his employment.

*Analysis*

## A. *Defendant Ramey Argues That He Is Immune from Suit*

Relying on the Supreme Court's holding in *Feitig v. Chalkley*, 185 Va. 96, 28 S.E.2d 73 (1946), and the provisions of the Virginia Workers' Compensation Act, Va. Code § 65.2-100 et seq., Defendant Ramey argues that he is immune from suit. In *Feitig*, the Court held that the Act prevents an employee from suing a co-worker when the co-worker negligently injured the employee. *Feitig*, 185 Va. at 107, 28 S.E.2d at 78.

Plaintiff argues that a co-worker's immunity is contingent upon the employer's compliance with the Act. Therefore, if an employer who is otherwise obligated to secure workers' compensation insurance fails to comply with the Act by not obtaining the requisite insurance, then an injured employee may sue both the employer *and* the negligent co-worker.

Plaintiff concedes that the Court's holding in *Feitig* would bar his claim against his co-worker in this case if their employer had workers' compensation insurance. It is unclear from the Court's discussion in *Feitig* if the employer in that case had workers' compensation insurance. A brief review of the original opinion in the *Feitig* case, however, confirms that the negligent co-worker's employer had workers' compensation insurance at the time of the plaintiff's accident. *Nolde Bros., Inc. v. Chalkley*, 184 Va. 553, 559, 35 S.E.2d 827, 829 (1945).

So, the issue before this Court is whether the Supreme Court's holding in *Feitig* extends to this case, where the parties have stipulated that their employer was required to obtain workers' compensation insurance, but failed to do so.

## B. *Defendant Ramey Is Immune from Suit*

When it applies, the Act provides the exclusive remedy for an employee injured within the course and scope of his employment. Va. Code § 65.2-307(A). The Act eliminates the employee's common law rights, and any right to recover must arise under the Act. *Id.*; *Moore v. Virginia Int'l Terminals, Inc.*, 283 Va. 232, 235, 720 S.E.2d 117, 118 (2012).

To achieve the Act's goal of providing both employers and employees greater security, employers must obtain workers' compensation insurance. Va. Code § 65.2-800(A). When an employer obtains the required insurance, an injured employee has no cause of action against the employer or his co-workers. *Id.*; *Feitig*, 185 Va. at 107, 28 S.E.2d at 78.

However, when an employer fails to obtain the required insurance, the employer is subject to penalties described in Va. Code § 65.2-805. Va. Code § 65.2-805(A); *Virginia Used Auto Parts, Inc. v. Robertson*, 212 Va. 100, 101, 181 S.E.2d 612, 613 (1971). As the Supreme Court has observed, Va. Code § 65.2-805 provides "extraordinary advantages to an injured employee."

*Robertson*, 212 Va. at 102, 181 S.E.2d at 613. Specifically, Va. Code § 65.2-805 allows an employee to pursue a civil action against his employer, and it prevents the employer from asserting a number of defenses in any such civil action, including contributory negligence, assumption of the risk, and negligence of a co-worker. Va. Code § 65.2-805(A). Moreover, even if a civil suit fails, the employee may still recover under the Act. *Robertson*, 212 Va. at 103, 181 S.E.2d at 614.

With these "extraordinary advantages" available to an injured employee against his non-compliant employer, I do not feel that Va. Code § 65.2-805 further creates a cause of action in favor of an injured employee against his negligent co-worker. Injuries caused by a negligent co-worker are costs of doing business that should fall on an employer, *Feitig*, 185 Va. at 99, 38 S.E.2d at 74, and Va. Code § 65.2-805 justifiably punishes employers who fail to insure against such costs. *Robertson*, 212 Va. at 102, 181 S.E.2d at 613.

If the General Assembly wanted to shift the cost of a co-worker's negligence to the co-worker when the employer failed to obtain workers' compensation insurance, it could have done so. It has not done so. Accordingly, under the Act, I conclude that an injured employee has a cause of action against his uninsured employer, but not against his co-worker.

Defendant Ramey's Plea in Bar is sustained.