PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

No. 14-1180

———

JAMES THOMAS DEMETRES,

                    Plaintiff - Appellant,

          v.

EAST WEST CONSTRUCTION, INC.,

                    Defendant - Appellee.

———

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:13-cv-00155-RBS-DEM)

———

Argued: October 30, 2014            Decided: January 15, 2015

———

Before NIEMEYER and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

———

Affirmed by published opinion. Judge Gregory wrote the opinion, in which Judge Niemeyer and Senior Judge Davis joined.

———

**ARGUED:** Earl Stanley Murphy, MOODY LAW FIRM, Portsmouth, Virginia, for Appellant. Danielle D. Giroux, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee. **ON BRIEF:** Stanley P. Wellman, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee.

———

GREGORY, Circuit Judge:

James Thomas Demetres ("Demetres") appeals the district court's dismissal of his personal injury suit against East West Construction, Inc. ("East West") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, we affirm the judgment of the district court.

## I.

Demetres is a resident and citizen of North Carolina. His direct employer, Ashland Construction Co. ("Ashland"), is a North Carolina corporation. East West is a Virginia corporation. In March of 2011, Ashland hired East West as a subcontractor to prepare a site in Virginia Beach for construction of a CVS Pharmacy, and designated Demetres as the superintendent.

At the jobsite on March 28, 2011, a bulldozer, which was operated by an employee of East West, backed over Demetres, resulting in significant injuries and nearly killing him. Demetres subsequently received workers' compensation benefits under North Carolina law through his employment with Ashland.

On March 27, 2013, Demetres filed a personal injury suit against East West in the Eastern District of Virginia, alleging negligence and seeking $100,000,000 in damages.

East West filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). It argued that the exclusivity provision of the Virginia Workers' Compensation Act ("VWCA"), Va. Code Ann. § 65.2-307, barred Demetres's personal injury suit. The district court, relying largely on our decision in Garcia v. Pittsylvania County Service Authority, 845 F.2d 465 (4th Cir. 1988), granted East West's motion and dismissed the suit. Demetres timely appealed.

## II.

We review a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo.[1] Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests with the plaintiff. Id. A 12(b)(1) motion should be granted if, after engaging in any necessary fact-finding, the court determines

---

[1] There was some discussion at oral argument and in the district court about whether East West's motion should be characterized as a Rule 12(b)(6), rather than a Rule 12(b)(1), motion. Because the outcome would be the same regardless, we have no need to decide that issue and proceed as if East West's motion properly invoked Rule 12(b)(1).

3

that the movant is entitled to judgment as a matter of law.  See

Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).[2]

Demetres makes two main arguments on appeal.  First, he argues that the Full Faith and Credit Clause requires Virginia to defer to the law of North Carolina, the state that paid him benefits, in determining whether his suit is barred.  Second, he argues that Supreme Court of Virginia precedent allows Virginia to apply the law of the state that paid benefits, even if the injury occurred in Virginia.

A.

Demetres argues that East West would be amenable to suit in North Carolina and, because he accepted workers' compensation benefits in North Carolina through Ashland, the district court should have applied North Carolina law to determine whether his suit against East West should be barred.  The district court rejected this argument and, applying Virginia law, concluded that the suit was barred.

Because this is a diversity action, the district court, sitting in Virginia, was required to apply Virginia law.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97

---

[2] "[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own.  If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." Arbaugh, 546 U.S. at 514 (internal citations omitted).

4

(1941); see also Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005). Virginia subscribes to the lex loci delicti principle for determining the applicable substantive law in tort suits. Jones v. R.S. Jones & Assocs., Inc., 431 S.E.2d 33, 34 (Va. 1993). According to that principle, the law of the place in which the injury occurred governs the substantive cause of action. Id. Because the injury that is the basis of this suit occurred in Virginia, the substantive law of Virginia governs.

An injured employee who is covered by the VWCA is barred from suing his employer in tort for injuries "arising out of and in the course of the injured employee's employment." See, e.g., Simms v. Ruby Tuesday, Inc., 704 S.E.2d 359, 362 (Va. 2011). Section 65.2-307 of the Virginia Code provides:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Va. Code Ann. § 65.2-307(A) (emphasis added). Section 65.2-302 defines a "statutory employer." That section provides, in relevant part:

> When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such

5

other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, <u>then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.</u>

Va. Code Ann. § 65.2-302(B) (emphasis added).

The Supreme Court of Virginia has interpreted the VWCA as barring suits where, as here, injured employees of a general contractor attempt to sue a subcontractor who was engaged in the general contractor's "trade, business or occupation." <u>See, e.g.</u>, <u>David White Crane Serv. v. Howell</u>, 714 S.E.2d 572, 575 (Va. 2011) ("Because the purpose of the [VWCA] is to bring within its operation all persons who are engaged in the trade, business or occupation of the contractor who engages to perform the work, all such persons are entitled to the protection afforded by Code § 65.2-307."); <u>Pfeifer v. Krauss Constr. Co.</u>, 546 S.E.2d 717, 719 (Va. 2001) ("If a particular subcontractor and an injured employee's common law or statutory employer are both working on the same project and are also engaged in the owner's or general contractor's work, that particular subcontractor, as a statutory co-employee of the injured worker, is also entitled to the common law immunity provided by the exclusivity provision."). Notwithstanding whatever our own view of the statutory text may be, when interpreting state law, we

6

are obligated to defer to the state's highest court. See, e.g., Assicurazioni Generali, S.p.A. v. Neil, 160 F.3d 997, 1002 (4th Cir. 1998) ("It is axiomatic that in determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications."). Here, East West, a construction subcontractor preparing a worksite for Ashland, was clearly engaged in the same "trade, business or occupation" as Ashland. East West is therefore a statutory co-employee of Demetres under Supreme Court of Virginia precedent. Thus, if the VWCA applies to Demetres's claim, his suit is barred.

Demetres, however, argues that the VWCA does not apply to his claim, because he obtained benefits in North Carolina. Under the workers' compensation laws of North Carolina, Demetres argues that East West would not be immune from suit. He further argues that Virginia should give full faith and credit to his right of action against East West under North Carolina law.

In Garcia v. Pittsylvania County Service Authority, a panel of this Court held that the VWCA barred the claims of two employees of a North Carolina subcontractor for injuries sustained while working on a project for a Virginia general contractor in Virginia. 845 F.2d at 468. Relying primarily on the Supreme Court's decision in Carroll v. Lanza, 349 U.S. 408 (1955), the panel concluded that "the law of Virginia controls

7

for [an] accident which occurred in Virginia and was occasioned by the negligence of an independent contractor with the [general contractor] who was doing work in Virginia and required by Virginia law to have workers' compensation insurance." Garcia, 845 F.2d at 467.

The Supreme Court in Carroll held that states with more permissive workers' compensation laws are not required to give full faith and credit to states whose laws are more restrictive. 349 U.S. at 413-14. There, an injured employee brought a personal injury suit against a third party tortfeasor in Arkansas, after collecting workers' compensation benefits in Missouri. Id. at 409-10. At the time, Missouri barred suits by injured employees against third parties, but Arkansas did not. Id. The Supreme Court held that the Full Faith and Credit Clause did not require Arkansas to defer to Missouri's more restrictive laws and bar the suit. Id. at 413-14. The Court reasoned that Arkansas, as the state where the injury occurred, had "a legitimate interest in opening her courts to suits of this nature, even though in this case Carroll's injury may have cast no burden on her or on her institutions." Id. at 413. The Court expressly limited its holding to cases where a state seeks to permit a cause of action that is barred by the laws of another state. See id. (stating that Carroll is not a case "where the State of the forum seeks to exclude from its courts

8

actions arising under a foreign statute" and that the situation in <u>Carroll</u> is "a much weaker [case] for application of the Full Faith and Credit Clause").

Notwithstanding the Supreme Court's limiting language, the <u>Garcia</u> panel concluded that <u>Carroll</u> applied to <u>all</u> workers' compensation cases "involving differing state compensation statutes." <u>Garcia</u>, 845 F.2d at 466. Thus, in <u>Garcia</u>, Virginia was not required to relax its more restrictive workers' compensation bar to hear a suit permitted under the laws of North Carolina. <u>Id.</u> at 467.

The district court concluded that <u>Garcia</u> clearly foreclosed Demetres's claim. <u>Demetres v. E.W. Constr. Co.</u>, 995 F. Supp. 2d 539, 544 (E.D. Va. 2014) (relying on <u>Garcia</u> to conclude that Demetres's "tort suit is barred [in Virginia]"). Like the district court, we conclude that, under <u>Garcia</u>, Demetres's claim is barred by the VWCA.

Demetres, however, argues that <u>Garcia</u> was wrongly decided, that this Court erred in relying on <u>Carroll</u>, and that it should have applied the Full Faith and Credit balancing test applied in <u>Hughes v. Fetter</u>, 341 U.S. 609 (1951). In <u>Hughes</u>, the Supreme Court held that Wisconsin could not bar a wrongful death claim arising out of Illinois law solely because the death occurred outside of Wisconsin. <u>Id.</u> at 612. The Court balanced the policies of both Wisconsin and Illinois and, finding that

9

Wisconsin "has no real feeling of antagonism against wrongful death suits in general," concluded that the Full Faith and Credit Clause required Wisconsin to open its courts to the plaintiff's wrongful death claim.  Id.

Demetres argues that the balancing test the Supreme Court applied in Hughes should have been applied in Garcia. Regardless of our opinion on the validity of the Garcia panel's analysis, however, we are bound to follow its decision.  See, e.g., McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) (stating the "basic principle that one panel cannot overrule a decision issued by another panel").  Thus, even if we were to agree with Demetres that the analysis in Garcia was faulty, we are powerless as a panel to overrule it.[3]

---

[3] Demetres also argues that the 1932 Supreme Court of Virginia case Solomon v. Call, 166 S.E. 467 (Va. 1932), expressly allows his claim to be heard in Virginia.  Solomon held that an out-of-state employee, who was injured in Virginia but collected workers' compensation benefits in his home state, may sue the third party tortfeasor responsible for his injuries in Virginia.  Id. at 469.  The Supreme Court of Virginia has never expressly overruled Solomon.  In Garcia, however, this Court held that Solomon, to the extent that it would allow a suit such as Demetres's to proceed, was no longer the "present law of Virginia on the subject."  Garcia, 845 F.2d at 467.

Since Garcia abrogated Solomon and barred a suit that Demetres's counsel admitted at oral argument was factually indistinguishable from the instant case, we have no need to address Solomon here.  Today we are bound to follow Garcia, and under Garcia, Demetres's suit is barred.

Only the full court, sitting en banc, can overrule a panel decision.  However, for the time being, we must follow the panel decision in Garcia and hold that, because Demetres's injury occurred in Virginia, and East West is a statutory co-employee under Virginia law, his personal injury action is barred by the VWCA.

AFFIRMED