**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-2261**

_____

BLACK WATER MANAGEMENT LLC,

       Plaintiff - Appellant,

        v.

MARK D. SPRENKLE; COLIN HEALY; KEVIN HEALY; TBT NETWORK
LLC, d/b/a Tim Be Told; TIMOTHY OUYANG; LUAN NGUYEN; JACOB
JAMES BARREDO; ANDREW DANIEL CHAE; STEVE VORLOP,

       Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at
Richmond.  M. Hannah Lauck, District Judge.  (3:15-cv-00365-MHL)

_____

Submitted:  May 30, 2017                        Decided:  June 8, 2017

_____

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph R. Pope, WILLIAMS MULLEN, Richmond, Virginia, for Appellant. Robert K.
Caudle, III, CAUDLE AND CAUDLE, P.C., Richmond, Virginia; P. Matthew Roberts,
GODWIN-JONES & PRICE, P.C., Richmond, Virginia; Scott D. Stovall, COWAN
GATES, Richmond, Virginia; William R. Baldwin, III, MEYER, BALDWIN, LONG &
MOORE, LLP, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Black Water Management, LLC (BWM), appeals the district court's order dismissing its complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The district court dismissed BWM's complaint because complete diversity of citizenship among the parties was lacking. *See* 28 U.S.C. § 1332(a)(1) (2012); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Reviewing the district court's dismissal de novo, we agree that BWM did not meet its burden of proving jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). BWM failed to establish that Defendant Mark D. Sprenkle, a resident of Virginia, was no longer a managing member of BWM at the time of the complaint's filing. Despite BWM's argument to the contrary, Sprenkle became a managing member of the company pursuant to the Operating Agreement even without contributing any initial capital to BWM.[*] *See* Va. Code Ann. § 13.1-1038.1(C) (2016); Ribstein & Keatinge, Limited Liability Companies § 5:7 (updated Dec. 2016). Furthermore, BWM offered no evidence of additional capital calls that could have caused a reduction in Sprenkle's membership interest under the Operating Agreement.

---

[*] Although BWM argues for the first time in its reply brief that this court should consider the Assignment Agreement executed by Sprenkle in conjunction with the Operating Agreement, BWM conceded in its opening brief that the Assignment Agreement had no legal effect.

3

Assuming that a capital call occurred, BWM's complaint acknowledged that Sprenkle contributed capital to BWM by causing a musical act to execute a management agreement with the company after the company's formation. *See* Va. Code Ann. § 13.1-1027(A) (1999). Accordingly, Sprenkle was entitled to retain at least some portion of his membership interest based on the service that he provided to BWM. We therefore conclude that BWM failed to establish that Sprenkle was no longer a managing member of the company when it filed the complaint.

Because a limited liability company's citizenship is determined by the citizenship of its members, BWM was a citizen of both Colorado and Virginia when the complaint was filed. *See Cent. W. Va. Energy Co.*, 636 F.3d at 103. Consequently, complete diversity of citizenship among the parties was lacking as both BWM and several of the defendants shared Virginia citizenship, and thus, the district court lacked subject matter jurisdiction.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4