**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1153**

BRYIONE K. MOORE,

Plaintiff - Appellant,

v.

BLIBAUM & ASSOCIATES, P.A.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge. (1:16-cv-03546-JFM)

Submitted: June 29, 2017                                    Decided: July 19, 2017

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

E. David Hoskins, Doris N. Weil, THE LAW OFFICES OF E. DAVID HOSKINS, LLC,
Baltimore, Maryland, for Appellant. Samuel Blibaum, Nina Basu, BLIBAUM &
ASSOCIATES, PA, Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryione K. Moore appeals the district court's order granting Blibaum & Associates, P.A. (B&A)'s motion to dismiss for lack of standing. She contends that she has suffered an injury in fact for her claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012). We vacate the district court's order and remand the case for further proceedings.

We review de novo a dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017). A plaintiff has the burden of establishing jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). Because B&A is making a facial challenge to subject-matter jurisdiction, we "presume[] that general allegations embrace those specific facts that are necessary to support the claim," and "accept as true . . . allegations for which there is sufficient factual matter to render them plausible on their face." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (brackets and internal quotation marks omitted).

Under Article III of the Constitution, federal courts are limited to deciding actual cases or controversies. U.S. Const., art. III, § 2, cl. 1. As a result, a litigant seeking redress in a federal court must have standing, which requires proving that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

2

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* In contrast, for an injury to be "concrete," it "must be *de facto*; that is, it must actually exist." *Id.* (internal quotation marks omitted). "'Concrete' is not, however, necessarily synonymous with 'tangible[,]' . . . and intangible injuries can nevertheless be concrete." *Id.* at 1549. In particular, the injury-in-fact requirement is not limited simply to financial or economic losses. *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 366 (4th Cir. 2015). However, "a bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549.

In Section 1692e, the FDCPA generally prohibits "debt collectors" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692. The FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). An erroneous statement of the amount of a debt owed qualifies as misleading or deceptive under the FDCPA. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015) (citing *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam)).

The FDCPA also prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f. This section prohibits

"[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). To trigger civil liability against a debt collector, a consumer need only prove one violation of the FDCPA. *Id*. § 1692k(a).

After review of the record and the parties' briefs in light of the foregoing, we conclude that Moore has established an injury in fact under Article III for her claim under the FDCPA. Moore alleged that she was a consumer, that B&A acted as a debt collector, and that B&A attempted to collect from her a debt arising out of a state court judgment by demanding payment of an inflated sum based on an improper interest rate. This was not a case where the plaintiff simply alleged "a bare procedural violation [of the FDCPA], divorced from any concrete harm." *Spokeo, Inc.*, 136 S. Ct. at 1549. Indeed, Moore alleged in her complaint that as a consequence of B&A's alleged violations of the FDCPA's proscribed practices, she "suffered and continues to suffer" from "emotional distress, anger, and frustration." Moore therefore established the existence of an injury in fact, and B&A has not asserted that such an injury is anything other than traceable to its alleged violations of the FDCPA and could not be redressed by a favorable judicial decision.

Accordingly, we vacate the district court's order and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4