**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1434**

KEITH CARROLL,

        Plaintiff - Appellant,

      v.

NORTHWEST FEDERAL CREDIT UNION, Northwest FCU,

        Defendant - Appellee.

------------------------------------------------

NATIONAL ASSOCIATION OF FEDERALLY-INSURED CREDIT UNIONS,

        Amicus Supporting Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cv-01205-CMH-JFA)

Submitted: May 1, 2019                      Decided: May 13, 2019

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas E. Strelka, L. Leigh Strelka, Norvell W. West IV, STRELKA LAW OFFICE, Roanoke, Virginia; Scott J. Ferrell, Victoria C. Knowles, PACIFIC TRIAL ATTORNEYS, P.C., Newport Beach, California, for Appellant.  John M. Bredehoft, KAUFMAN & CANOLES, PC, Norfolk, Virginia, for Appellee.  Edward Lee Isler, Mark

E. Papadopoulos, ISLER DARE, P.C., Vienna, Virginia, for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Carroll appeals from the district court's dismissal, for lack of subject matter jurisdiction and for failure to state a claim, of his claim seeking injunctive relief under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189 (2012). Because we agree that Carroll lacks Article III standing to bring his claim, we affirm.

Northwest Federal Credit Union ("NWFCU") is a federal credit union operating under the Federal Credit Union Act of 1934. 12 U.S.C. §§ 1752-1775 (2012). NWFCU operates a website that describes its products and services. Only members can take advantage of NWFCU's products or services; only members can open an account or take out a loan or enjoy in any way the benefits of NWFCU. NWFCU's membership is restricted to employees, retirees, and family/household members of particular government agencies and partner organizations. Volunteers for some partner organizations are also eligible for membership; one of those partner organizations is Special Olympics Virginia.

Carroll is a visually-impaired resident of Virginia who uses a screen reader to access the internet. Screen readers assist users by reading aloud text that appears on a website. Carroll's central allegation is that NWFCU operates a website that significantly hinders the use a of screen reader to access the website and learn about the products and services NWFCU offers.

At the time Carroll filed his amended complaint, he was not eligible to join NWFCU. He was not an employee or retiree of any of the applicable government

3

agencies or partner organizations. Nor was he eligible for household/family membership. In his amended complaint, Carroll alleged that he intended to volunteer for Special Olympics Virginia at least once in 2018, thereby becoming eligible to join NWFCU. Carroll also alleged that he could investigate NWFCU's services and products, and find its physical locations, if NWFCU's website were accessible with a screen reader. Carroll's amended complaint sought injunctive relief, costs, and attorneys' fees. NWFCU moved to dismiss for lack of standing and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1), (6). While NWFCU's motion to dismiss was pending, Carroll filed a declaration stating that he had signed up to volunteer at a Special Olympics Virginia event that would take place on April 28, 2018. Before that date, the district court granted NWFCU's motion, and Carroll now appeals.[*]

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 178 (4th Cir. 2016). "A district court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Upstate Forever v. Kinder Morgan Energy Partners*, *L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (internal quotation marks omitted), *petition for cert. filed*, ___ S. Ct. ___ (U.S. Aug. 28, 2018) (No. 18-268). The nonmoving plaintiff bears the burden of proving subject matter jurisdiction.

---

[*] On appeal, the National Association of Federally-Insured Credit Unions has filed an amicus brief in support of NWFCU.

*Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).  Federal jurisdiction is determined based on the facts as they existed when the complaint was filed.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

Under Article III of the Constitution, federal courts are limited to deciding actual cases or controversies.  U.S. Const., art. III, § 2, cl. 1.  As a result, a litigant seeking redress in a federal court must have standing, which requires proof of "(1) . . . an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Id.* at 1548 (internal quotation marks omitted).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."  *Id.*  (internal quotation marks omitted).  For an injury to be concrete, it "must be *de facto*; that is, it must actually exist."  *Id.* (internal quotation marks omitted).  "'Concrete' is not, however, necessarily synonymous with 'tangible[,]' . . . and intangible injuries can nevertheless be concrete."  *Id.* at 1549.  However, "a bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III."  *Spokeo*, 136 S. Ct. at 1549.  In addition, when seeking injunctive relief, a plaintiff has standing only when there is a "real or immediate threat" that the plaintiff will suffer an injury in the future.  *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983).  An injury must be "certainly impending" if it is to serve as the basis for

5

standing to seek injunctive relief. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Mere "some day" intentions, without concrete plans, do not support a finding of an "actual or imminent" injury. *Lujan*, 504 U.S. at 564.

Our holding in *Griffin v. Department of Labor Federal Credit Union*, 912 F.3d 649 (4th Cir. 2019), guides our decision in this case. In *Griffin*, we held that Clarence Griffin, a visually-impaired plaintiff, lacked standing to sue a federal credit union for deficiencies in its website's accessibility when he was neither a member nor eligible to become a member of the credit union. *Id.* at 653-56. We reasoned that Griffin lacked a concrete and particularized injury because of the legal barriers that precluded him from using the credit union's services. *Id.* at 653-55. Further, we concluded that Griffin could not obtain injunctive relief because he did not allege an immediate threat of future harm, in that the legal barriers rendered implausible his claim that he would return to the website. *Id.* at 656.

This case bears only one noteworthy distinction from *Griffin*: Carroll's allegation that he intends to volunteer for Special Olympics Virginia. As a volunteer, Carroll would be eligible to join NWFCU and access its services and products. However, when Carroll filed his amended complaint, he did not allege that he had volunteered for Special Olympics Virginia, only that he *intended* to volunteer at some indeterminate time in 2018. Any future harm to Carroll was entirely speculative, and not certainly impending, because his amorphous intent to volunteer with Special Olympics Virginia was itself speculative. *See Lujan* 504 U.S. at 564 ("Such some day intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will

6

be—do not support a finding of the actual or imminent injury that our cases require." (internal quotation marks omitted)). Therefore, Carroll is no different from the plaintiff in *Griffin*, and he similarly lacks standing to bring this claim.

While Carroll later filed a declaration in the district court indicating that he had, in fact, signed up for a particular event on a particular date, this fact has no impact on Carroll's standing in this case. Carroll's standing to sue is based on the facts as they existed when he filed his amended complaint, not as they existed when the court resolved the motion to dismiss, nor even as they exist right now. *Lujan*, 504 U.S. at 569 n.4.

Accordingly, we grant Carroll's motion to take judicial notice, we deny Carroll's motions to supplement the record and to file a supplemental brief, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*