CONWAY *v.* PARK ET AL.

[No. 16,424. Filed January 21, 1941.]

564

*Cleon W. Mount*, of Tipton; and *Christian & Waltz*, of Noblesville, for appellees.

STEVENSON, P. J.—The appellant as plaintiff in the trial court filed an action against the appellees to recover damages for injuries arising out of an automobile collision. The amended complaint alleged that on the 20th day of July, 1935, the appellees were partners engaged in the business of buying and selling livestock; that the appellant at that time was the owner of a motor truck and was employed by the appellees to haul livestock for them in said truck. The complaint further alleges:

"That on said 28th day of July, 1935, at about six o'clock in the evening, the plaintiff was driving his said truck in an easterly direction over and along a public highway in Madison County, Indiana, known as the Walnut Grove highway, at a point about four miles east of the Hamilton and Madison County line, and was accompanied by the defendant, Alexander S. Park, in gathering up a load of live stock which had previously been purchased by said defendants.

"That while so driving said motor truck he approached an intersection of said Walnut Grove Highway and the Mose Allen highway, which latter highway ran in a north and south direction and crossed said Walnut Grove Highway at right angles. That said Mose Allen highway was a paved road and said defendant, Park, knew that the traffic on said Mose Allen highway moved much more rapidly than it did on said Walnut Grove highway. That at the time plaintiff approached said intersection his view to the north was partially obstructed by corn stocks standing in the field on the north side of said Walnut Grove highway. That upon approaching said highway crossing the plaintiff slowed down and prepared to stop at said intersection. That at said time the defendant, Alexander S. Park, said to this plaintiff, 'Go ahead,' whereupon plaintiff proceeded to drive across said Mose Allen highway.

"That this plaintiff, believing and relying upon the fact that said defendant, Park, was acquainted with said highways and the nature of the traffic thereon and the order and direction by him given,

proceeded to drive across said highway, but as they entered and were in the act of crossing said intersecting highway the truck in which plaintiff was riding was struck by an automobile operated by one Fae Nelson, approaching from the north, as a direct and proximate result of said defendant's order and direction to this plaintiff to proceed across said highway.

"That as they approached said intersection said defendant, Park, was seated on the right hand side of the driver's seat in said truck and was in a position where he could see and observe said highway.

"That by reason of defendant's said negligence said truck in which plaintiff was riding, was struck with such force and violence as to throw said truck off of the highway and upset the same on the east side of said Mose Allen highway and the plaintiff was thrown against the front and side of said truck, thereby bruising and wounding him, crushing and mashing his left leg below the knee so that parts of the ankle bone were removed."

The complaint contains further allegations of injuries received which have resulted in permanent impairment. The complaint further alleges that the appellees were not operating under the provisions of the Workmen's Compensation Act and concludes with a prayer for judgment in the sum of $10,000.00.

To this amended complaint the appellees filed a demurrer assigning as a reason that the complaint does not state facts sufficient to constitute a cause of action. The court sustained this demurrer and the appellant refused to plead further and judgment was rendered in favor of the appellees and that the appellant take nothing. This appeal has been perfected and the error assigned in this court is the alleged error in sustaining the demurrer to the amended complaint. It is contended in support of the demurrer that the complaint does not show a duty on the part of the appellant to

obey the orders of the appellees as to the manner of operating his truck nor does the amended complaint show that the appellees at the time the order was given knew of the danger present or in the exercise of reasonable care should have known of the present danger. The appellees further contend that the complaint shows no duty upon the appellees to protect the appellant in the operation of his truck and that the complaint shows upon its face that the appellant was guilty of contributory negligence.

Along with many other propositions, the appellee contends that this case is controlled by the Indiana Workmen's Compensation Act, and that the remedy thereby afforded is exclusive. In answer to this, it is contended by the appellant that the complaint shows on its face that the provisions of the Workmen's Compensation Act gives the appellant an election of remedies for the reason that the complaint alleges that "the defendants did not insure their liability nor make any proof to the Industrial Board of Indiana of their ability to pay their liability to any employee who might be injured in the course of his employment, but elected to and did operate such business without complying with the provisions of the Indiana Workmen's Compensation Act."

The appellant contends that this allegation is sufficient to enable him to maintain an action at law against the employer under the provisions of Section 69 of the Workmen's Compensation Act. This section imposes a penalty on employers who refuse or neglect to comply with the provisions of Section 68 of the Workmen's Compensation Act as to the insurance provisions contained therein. Section 69 of the act accordingly provides: "If such employer refuses or neglects to comply with these provisions, he shall be punished by

a fine of ten cents (10c) for each employee at the time of such refusal or neglect, but not less than ten dollars ($10.00) nor more than fifty dollars ($50.00) for each day of such refusal or neglect and until the same ceases, and he shall be liable during continuance of such refusal or neglect to an employee either for compensation under this act or at law in the same manner as provided for in section ten." (§ 40-1602, Burns' 1933.)

Under the provisions of this section, the appellees had an election as to whether or not they would operate their business under the provisions of the Workmen's Compensation Act or whether they would operate such business without complying with such provisions. The complaint alleges that the appellees did not carry insurance nor did they make proof to the Industrial Board of their financial ability to pay any employee who might be injured in the course of his employment. The appellant accordingly had an election to proceed against the appellees for compensation under the provisions of the Workmen's Compensation Act or to proceed against them at law "in the same manner as provided for in section ten." *Diamond* v. *Cleary* (1929), 88 Ind. App. 518, 162 N. E. 372. Section ten operates only to deprive the employer from defending such actions at law on the grounds that "(a) the employee was negligent; (b) that the injury was caused by the negligence of a fellow-employee; (c) that the employee had assumed the risk of the injury." (§ 40-1210, Burns' 1933.)

It is our opinion, therefore, that under the allegations of the complaint the appellant has brought himself within the provisions of the Workmen's Compensation Act to the extent that he is given the right to maintain an action at law against the appellees to recover damages for the alleged injuries.

The next question, therefore, presented is whether or not the complaint is sufficient to state a cause of action at law against the appellees under the limitations imposed by Section ten of the Workmen's Compensation Act.

The appellees contend that this complaint contains no sufficient allegations of negligence on the part of the appellees to constitute a cause of action in favor of the appellant nor does it contain any allegation of the violation of any duty owing by the appellees to the appellant which would give rise to a cause of action in his favor. The complaint charges, "That upon approaching said highway crossing, the plaintiff slowed down and prepared to stop at said intersection; that at said time the defendant Alexander S. Park said to this plaintiff, 'Go ahead.' Whereupon plaintiff proceeded to drive across said Mose Allen highway." The appellant contends that this allegation is a sufficient charge of negligence since, under the authorities, direct allegations of negligence are not necessary in actions of this character. In support of this contention, the appellant directs our attention to the case of *Diamond* v. *Cleary, supra,* in which this language appears, page 524: "Direct negligence of the employer, such as may be said to be the proximate cause of the injury, when he fails to comply with the provisions of our compensation act, is not necessary before a recovery may be had in an action at law."

While we are in accord with the result reached in the former decision of this court in the case referred to, we cannot approve of the interpretation which the appellant places upon the language above quoted in that opinion. While the appellant under the circumstances alleged had an election to seek compensation for his injuries in an action at law, yet in

so doing, he assumes the burden of alleging in his complaint sufficient facts to constitute an action at law against his employer.

The Workmen's Compensation Act does not attempt to create a liability against the employer who is wholly without fault even though he is operating without complying with the provisions of the Workmen's Compensation law. No liability exists under the provisions of the act as to such employers unless negligence is shown. *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289. The Workmen's Compensation Act does not relieve the injured employee from the responsibility of alleging and proving facts sufficient to constitute an action at law in negligence if he elects to pursue his remedy at law. It does operate to take away from the employer against whom such a cause of action is alleged, the defenses of contributory negligence, assumption of risk, and negligence of a fellow servant. It is clear that these defenses never were available except in negligence cases, "and proof of negligence on the part of the employer is necessary before a workman can recover from such employer for injuries sustained in his service not shown to have been willfully inflicted." *Carson* v. *Miami Coal Co.* (1923), 194 Ind. 49, 55, 141 N. E. 810.

We hold, therefore, that in actions of this character, the burden is upon the injured workman to allege in his complaint facts sufficient to constitute a cause of action in negligence if the complaint is to withstand a demurrer. In so far as the case of *Diamond* v. *Cleary, supra,* is in opposition to this principle, the same is hereby overruled.

In determining whether or not this complaint sufficiently charges negligence on the part of the appellees,

it is necessary for us to consider the duty which rested upon the appellees as employers under the facts alleged.

In the case at bar it is nowhere alleged that the appellee Alexander S. Park had any knowledge of the approach of the automobile which collided with the appellant's truck and occasioned his injuries, nor is there any allegation that by the exercise of ordinary care the appellee, Park, could have discovered the approach of such automobile in time to have avoided the danger. There is no allegation in the complaint which charges negligence on the part of the appellee Parks in issuing the order to the appellant to "go ahead." The appellees were not insurers of the appellant's safety at all times during the period of his employment. Their only obligation was to afford him a reasonably safe place in which to work. The rules of law which govern the duty owed by an employer to his employee are well settled. "The employer is not an insurer of the safety of the employee; he is liable to the latter, as it ordinarily is expressed, not because of danger in the employment but only by reason of his negligence. And hence he is not to be held accountable in damages for the consequence of what commonly is termed error of judgment. The principles of negligence, then, must be consulted in determining whether in any particular case an injured employee is entitled to recover." 18 R. C. L. 544, 545.

"The master does not insure his servant against the consequences of the natural risks of the service but against those of his own negligence and the burden always is upon the injured servant to show that such negligence was the cause of his injury." *Britt* v. *Crebo* (1913), 172 Mo. App. 426, 158 S. W. 65, 68.

"It is the duty of the master to exercise at least ordinary care to provide his servant with a reasonably

safe place to work, and not to expose him to ■ unknown and unappreciated hazards." *Bennett v. Gulf, Colorado & Santa Fe R. R. Co.* (1913), Texas, 159 S. W. 132, 134.

The appellant contends that it was negligence for the appellee Parks to order the appellant into a place of danger· as he alleged in his complaint and ■ contends that the appellant had a right to rely upon the employer's superior knowledge of the danger in the place to which the appellant was ordered to go. But in the light of the above rules, the appellee, Parks, was not negligent in giving the order unless he knew or in the exercise of reasonable care ought to have known of the danger. "Where a cause of action is predicated upon the existence of defects in place, etc., the employer's knowledge, actual or constructive, is an essential element of negligence." *S. W. Little Coal Co.* v. *O'Brien* (1917), 63 Ind. App. 504, 515, 113 N. E. 465. "Knowledge, then, or opportunity by the exercise of reasonable diligence to acquire knowledge, of the peril which subsequently results in injury to the employee is the foundation of the liability of the employer." 18 R. C. L. 548.

It is our opinion, therefore, that in the absence of allegations which charge the appellees with knowledge, either actual or constructive, of the dangers ■ which resulted in injuries to the appellant, we think the complaint insufficient to state a cause of action.

In the light of what we have said, it is our opinion that the court did not err in sustaining the demurrer to the appellant's complaint. Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 31 N. E. (2d) 79.