## Charlotte D. Counts, Guardian, etc.

## v.

## Stone Container Corporation, et al.

Record No. 881270

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

W. Scott Street, III (A. Peter Brodell; Andrew W. Wood; Williams, Mullen, Christian & Dobbins; Wood & Wood, on briefs), for appellant.

John R. Walk (Barry A. Hackney; W. Mark Hillsman; Hirschler, Fleischer, Weinberg, Cox & Allen, on brief), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we decide whether a general partner's statutory election to be covered as an employee by the Virginia Workers' Compensation Act (the act), Code §§ 65.1-1 to -163, abrogates his common-law right to sue the owner of a project for injuries sustained while working on the project.[1]

On October 1, 1984, the two partners in a newly organized general partnership known as Ace Metal Fabricators (Ace) specifically elected to be included as employees under Ace's workers' compensation insurance policy, which was to be issued by the Great American Insurance Company (the insurance company).

---

[1] We need not decide whether the trial court erred in permitting the defendants to file late pleadings pursuant to Rule 1:9, as the plaintiff contends. Whether the plaintiff has a common-law remedy is a question of subject-matter jurisdiction, *Nolde Bros.* v. *Chalkley*, 184 Va. 553, 560, 35 S.E.2d 827, 830 (1945), which may be raised at any time, even after a default judgment has been entered. *See Landcraft Co.* v. *Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419, 422 (1980).

Such an election is authorized by the provisions of Code § 65.1-4.2, which provides:

> Notwithstanding any other provisions of this title, any sole proprietor or all partners of a business whose employees are eligible for benefits under this title may elect to be included as an employee under the workers' compensation coverage of such business if the insurer is notified of this election to be so included. Any sole proprietor or the partners shall, upon such election, be entitled to employee benefits and be subject to employee responsibilities prescribed in this title.

> When any partner or proprietor is entitled to receive coverage under this title, such person shall be subject to all provisions of the Act as if he were an employee, provided, however, that the notices required under §§ 65.1-51, 65.1-85 and 65.1-86 of this title shall be given to the insurance carrier and that the panel of physicians required under § 65.1-88 shall be selected by the insurance carrier.

On December 7, 1985, while inspecting and attempting to repair an industrial vacuum on the roof of a plant owned by Stone Hopewell, Inc. and Stone Container Corporation (collectively Stone), Cecil R. Counts, Jr., one of Ace's partners, fell through a hole in the roof. As a result of his fall, Counts sustained serious injuries, including brain damage. Charlotte D. Counts was later appointed as his guardian. Because of his injuries, Counts and his guardian were awarded workers' compensation benefits on December 18, 1986.

On December 4, 1987, the guardian filed this common-law negligence action against Stone. Stone moved for summary judgment, alleging that because it was Counts's "statutory employer" under the act, his common-law remedy was precluded by Code §§ 65.1-29 and -40. Those sections provide:

> When any person (in this section and §§ 65.1-31 and 65.1-32 referred to as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 65.1-31 to 65.1-34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner,

the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

Code § 65.1-29.

The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Code § 65.1-40.

The trial court found that Counts had voluntarily elected to be bound by the provisions of the act pursuant to Code § 65.1-4.2, and because he was engaged in an activity that was part of Stone's trade, business, or occupation, Counts was Stone's "statutory employee" under the provisions of Code § 65.1-29. Therefore, the court sustained Stone's jurisdictional plea based on the exclusive remedy provisions of Code § 65.1-40 and dismissed the action.

Contending that the trial court erroneously applied Code § 65.1-4.2 in this case, the guardian appeals. She offers a number of reasons why this code section is inapplicable; we find no merit in any of them.

First, the guardian maintains that Code § 65.1-4.2 is merely intended to permit self-employed individuals to purchase workers' compensation for themselves, not to confer "windfall immunity" on a tortfeasor such as Stone. She says that "[t]he statutory legal fiction that Counts is an 'employee' was never intended to shield Stone with the protected status of a statutory employer under [Code] § 65.1-29 when under no circumstances could Stone ever be liable to pay Chip Counts compensation as its statutory employee."

■ The guardian considers only a part of Code § 65.1-4.2. Although the statutory provision ensures Counts's entitlement to employee benefits upon his election and entitlement to coverage, it also makes him "subject to employee responsibilities prescribed in this title" and "subject to *all* provisions of the Act as if he were

an employee." Code § 65.1-4.2 (emphasis added). One of the provisions to which Counts subjected himself upon his election and entitlement to coverage is the exclusive remedy provision of Code § 65.1-40, which precludes this common-law action.

 Moreover, assuming but not deciding, that even if Stone could not have been liable to pay Counts workers' compensation benefits, as the guardian argues, it would make no difference. We rejected a similar argument in two cases similar to this one in which the defendants' immunity pleas were sustained, despite the fact that neither of the defendants could have been liable to pay compensation benefits to the injured workers. *See Whalen* v. *Dean Steel Co.*, 229 Va. 164, 171, 327 S.E.2d 102, 106, *appeal dismissed*, 474 U.S. 802 (1985) (subcontractor's plea of immunity sustained in common-law action brought by injured employee of general contractor); *Feitig* v. *Chalkley*, 185 Va. 96, 107, 38 S.E.2d 73, 78 (1946) (fellow employee's plea of immunity sustained in common-law action brought by injured employee). As we said in *Whalen*:

As long as the injured worker has recourse to compensation from his own employer, or a statutory employer, he has the benefit of the *quid pro quo* upon which the compensation scheme is based, and it is immaterial whether he would have been entitled to claim compensation from other employers who are also under the canopy of the Act.

229 Va. at 171, 327 S.E.2d at 106.

 In a related argument, the guardian notes that because Counts paid the insurance premiums with his own funds, it would be unfair to give Stone the benefit of that coverage by extending immunity to it. This assertion ignores the broad sweep of the act's societal interests in: (1) charging the costs of an industrial accident to the industry involved through workers' compensation coverage, and (2) assuring that others involved in that industry are immune from further common-law liability arising from those industrial accidents which are covered by the act. *See Feitig*, 185 Va. at 103-104, 38 S.E.2d at 76-77. We think that, in binding partners to the provisions of Code § 65.1-40 by way of Code § 65.1-4.2, the General Assembly considered that any insurance premiums paid by a partnership for individual coverage of its partners would ultimately be reflected in the cost of doing the va-

rious jobs on which the partners might be injured. Considered in that light, Stone, and all other statutory employers similarly situated, do ultimately bear the burden of compensation benefits paid to partners such as Counts who have been injured on the job.

Next, the guardian contends that Code § 65.1-4.2 creates an internal inconsistency in the act by impliedly authorizing Counts as an "employer" to take money from Counts as an "employee" to pay workers' compensation insurance premiums in violation of Code § 65.1-107. This section provides in pertinent part that "[i]t shall not be lawful for any employer to deduct from the wages of any of his employees any part of the cost of insurance . . . or to require or permit any of his employees to contribute in any manner toward such cost of insurance." Code § 65.1-107. We find no such inconsistency. When the owners of a business pay their workers' compensation insurance premiums from business assets, as Counts did in this case, the payment is a business expense they incur as owners rather than a deduction from an employee's wages. Therefore, such payments are not a violation of Code § 65.1-107.

Finally, the guardian insists that our decision in *Intermodal Services, Inc.* v. *Smith*, 234 Va. 596, 364 S.E.2d 221 (1988), is controlling in this case. *Intermodal* involved a similar factual situation, except that nothing in the *Intermodal* record suggests that the injured party satisfied the election and notification requirements of Code § 65.1-4.2.[2] Here, Counts explicitly elected to be covered by the act pursuant to Code § 65.1-4.2 and so notified the insurance carrier, as that code section requires. Therefore, *Intermodal* is not applicable.

Given the clarity of expression with which the legislature has conferred the benefits of the act upon persons in Counts's position and, likewise, the certainty with which it has imposed its burdens upon such persons, we apply the statute as written. Accordingly, the judgment will be

*Affirmed.*

---

[2] In fact, the *Intermodal* defendant never contended that Code § 65.1-4.2 barred the plaintiff's claim.