# CIRCUIT COURT OF THE CITY OF ROANOKE

Riner B. Wade

v.

Scott Recycling, L.L.C.

November 20, 2014

Case No. CL14-124

By Judge David B. Carson

This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Defendant's liability. For the reasons that follow, the Court is granting Plaintiff's Motion for Summary Judgment on Defendant's liability and directs that the jury trial tentatively scheduled for January 12–13, 2015, be to determine the amount, if any, of damages to which Plaintiff is entitled.

*Facts*

Defendant, Scott Recycling, L.L.C. ("Scott Recycling"), is an electronic waste disposal company that has a principal place of business in Knoxville, Tennessee, but is registered to conduct business within the Commonwealth of Virginia. In January 2012, Defendant hired Plaintiff Riner B. Wade as a driver and to assist in Scott Recycling's warehouse in Pulaski, Virginia. On May 3, 2012, while loading one of Scott Recycling's trucks, Wade tripped and fell due to an alleged defect in the truck. As a result of his fall, Wade suffered injuries. At the time that Wade fell and sustained his injury, Scott Recycling did not have the workers' compensation insurance required by law.

On January 15, 2014, Wade filed his Complaint, alleging negligence on the part of Scott Recycling. Because Scott Recycling was noncompliant with the workers' compensation law at the time of Wade's accident, Wade contends that Virginia Code § 65.2-805 establishes Scott Recycling's liability as a matter of law. Wade has moved for Partial Summary Judgment on the issue of liability only. Counsel for both parties have submitted memoranda of law concerning this matter. On November 7, 2014, the Court heard oral argument.

*Analysis*

Wade argues that, pursuant to Va. Code § 65.2-805, he is entitled to summary judgment on the issue of Scott Recycling's liability. Rule 3:20 of the Rules of the Supreme Court of Virginia provides for summary judgment, a mechanism by which parties may resolve purely legal issues without the expense of a trial. *See* Va. Sup. Ct. R. 3:20; *see also Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954). The legal standard to apply in resolving a motion for summary judgment is correctly stated as follows:

> [A] grant of summary judgment is proper if, in consideration of the undisputed facts in the light most favorable to the nonmoving party, it appears that the moving party is entitled to judgment as a matter of law. In considering the motion, the Court considers the facts and all inferences fairly drawn therefrom, and is prohibited from drawing inferences that are "forced, strained, or contrary to reason."

*Tri-Port Terminals, Inc. v. Hitch S. Brand Terminal, L.L.C.*, 87 Va. Cir. 314, 315–16 (Chesapeake 2013) (citations omitted). Thus, the Court should grant a party's motion for summary judgment if there are no factual disputes and an issue may be ruled on purely as a matter of law.

Section 65.2-100 *et seq.* of the Code of Virginia establishes the workers' compensation framework for the Commonwealth of Virginia. *See* Virginia Workers' Compensation Act, Va. Code Ann. § 65.2-100 *et seq.* (2014). Section 65.2-800 requires that employers "shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force he or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified." Va. Code Ann. § 65.2-800. This provision notes that, by providing the required insurance for employees, the employer is greatly limited in his liability for an employee's injury or death.

However, if an employer fails to provide the required insurance, Va. Code § 65.2-805 establishes civil penalties for noncompliance. Section 65.2-805 holds that an employer required by § 65.2-800 to provide insurance who fails to do so shall be assessed a penalty and "also shall be liable during continuance of such failure to any employee either for compensation under this title or at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident." Va. Code Ann. § 65.2-805(A). In addition, these employers are barred from pleading certain affirmative defenses, *inter alia*, contributory negligence. *See* Va. Code Ann. §§ 65.2-805(A)(1)–(3).

In the present matter, Scott Recycling has admitted that Wade was in their employ at the time of the accident. *See* Responsive Pleadings of Scott

Recycling, L.L.C., Answer at ¶ 9, Wade v. Scott Recycling, L.L.C., CL14-24 (Roanoke City Circuit Court filed Jan. 15, 2014). Scott Recycling also has admitted that, by employing three or more employees at the time of the accident, it falls within the purview of the Virginia Workers' Compensation Act. *See* Va. Code Ann. § 65.2-101(2)(h); Responsive Pleadings of Scott Recycling, L.L.C., Answer at ¶ 8, Wade v. Scott Recycling, L.L.C., CL14-24 (Roanoke City Circuit Court filed Jan. 15, 2014). Scott Recycling finally admits that it was without the requisite workers' compensation insurance on the date of Wade's accident. *See* Responsive Pleadings of Scott Recycling, L.L.C., Answer at ¶ 26, Wade v. Scott Recycling, L.L.C., CL14-24 (Roanoke City Circuit Court filed Jan. 15, 2014).

Wade argues the civil penalties statute mandates strict liability for noncompliant employers. Thus, because Scott Recycling failed to have the required workers' compensation insurance, it "shall be liable . . . in a suit instituted by the employee . . . to recover damages for personal injury." Va. Code Ann. § 65.2-805(A).

Scott Recycling argues that the punitive section of the Virginia Workers' Compensation Act does not create strict liability for noncompliant employers, but rather prevents employers from asserting certain affirmative defenses while still requiring plaintiffs to prove a *prima facie* cause of action in each case. *See Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 800–01, 20 S.E.2d 530, 535 (1942). Scott Recycling, while acknowledging that there are no Virginia cases on point, also cites to decisions from foreign jurisdictions that stand for the proposition that, even if an employer is noncompliant with that state's workers' compensation statute, the employee is still required to prove *prima facie* negligence. *See Ferguson v. Pinson*, 131 W. Va. 691, 701, 50 S.E.2d 476, 482 (1948); *Conway v. Park*, 108 Ind. App. 562, 570, 31 N.E.2d 79, 81 (1941); *Skinner v. Smith*, 255 S.W.2d 621, 622 (1953); *Workman v. Anderson Music Co.*, 149 P.3d 1060, 1062–63 (Okla. Civ. App. 2006); *Duncan v. Dickie Rector Lumber Co.*, 212 S.W.2d 908, 911 (Tenn. App. 1948).

In *Virginia Used Auto Parts, Inc. v. Robertson*, the Supreme Court of Virginia held that the civil penalties section of the Virginia Workers' Compensation Act was "penal in nature [and] provides extraordinary advantages to an injured employee when his employer has failed or refused to comply with the Act. It imposes liability upon the uninsured employer either in a civil action, in which he is not permitted to assert certain important defenses, or in a proceeding under the Act." 212 Va. 100, 102, 181 S.E.2d 612, 613 (1971). Furthermore, the Court observed that the "overriding legislative intent [of the statute is] that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment" and that the statute should be "liberally construed." *Virginia Used Auto Parts, Inc.*, 212 Va. at 103, 181 S.E.2d at 614.

It seems clear that both the language of Va. Code § 65.2-805, as well as the Supreme Court of Virginia's interpretation of the statute, necessitate granting Wade's Motion for Partial Summary Judgment. Scott Recycling has admitted to being within the ambit of the punitive section of the Virginia Workers' Compensation Act. Therefore, it "shall be liable . . . in a suit instituted by the employee against such employer to recover damages for personal injury." Va. Code Ann. § 65.2-805(A). Similarly, the Supreme Court of Virginia has held that this section of the Virginia Code is to be penal in nature, should be liberally construed in favor of the employee, and should impose liability against a noncompliant employer. By granting Wade's Motion for Partial Summary Judgment as to liability, this Court is applying the plain language of the statute consistent with the settled case law of the Supreme Court of Virginia.

*Conclusion*

· For the above reasons, the Court will grant Plaintiff's Motion for Partial Summary Judgment as to Defendant's liability.