# CIRCUIT COURT OF THE CITY OF ROANOKE

Verdell Bailey

v.

Thomas Hensley
and Thomas Hensley,
d/b/a Hensley Remodeling

May 6, 2016

Case No. CL16-284

By Judge Charles N. Dorsey

This matter is before the Court on Thomas Hensley and Thomas Hensley, d/b/a Hensley Remodeling's (collectively "Defendants") Demurrer to Verdell Bailey's ("Plaintiff") Complaint, filed on February 4, 2016. Having reviewed the relevant pleadings in this case, and having considered both written and oral arguments of counsel, the Court sustains Defendants' Demurrer for the reasons discussed below. Plaintiff is granted leave to re-plead.

*Facts*

Plaintiff is a resident of Warren County, Virginia. It is alleged that on June 21, 2014, Plaintiff was employed by Thomas Hensley and/or Thomas Hensley, d/b/a Hensley Remodeling, located in Roanoke, Virginia. At that time, Hensley Remodeling was a sole proprietorship.

Plaintiff was hired in 2013 as a foreman, roofer, and construction worker for Defendants. Plaintiff generally alleges that he was an employee of Defendants and that Defendants regularly employed three or more employees. Defendants dispute these allegations.

On June 21, 2014, Plaintiff was working for Defendants on site at a house located on Chapman Avenue in Roanoke, in his normal capacity as a roofer or construction worker. At some point during this employment, Plaintiff was injured when the nail gun he was using discharged a nail through a board and into his right wrist.

Plaintiff filed suit against Defendants to recover for the nail gun injury, claiming that he is entitled to recovery based on Code § 65.2-805(A). In Count I of the Complaint, titled "Thomas Hensley and Thomas Hensley, d/b/a Hensley Remodeling's Negligence," Plaintiff contends that: (i) Defendants had a duty to maintain and provide a safe environment that was not unreasonably dangerous; (ii) that Defendants did not carry workers' compensation insurance as required by Virginia law; (iii) that Plaintiff is entitled to bring this common law action under Code § 65.2-805; and (iv) that Plaintiff suffered and will continue to suffer permanent injuries. Plaintiff's Complaint ¶¶ 14-17, Feb. 4, 2016.

Code § 65.2-805(A) states in full:

> (A) If such employer fails to comply with the provisions of § 65.2-800 or 65.2-804, he shall be assessed a civil penalty of not more than $250 per day for each day of noncompliance, subject to a maximum penalty of $50,000. Such employer shall also be liable during continuance of such failure to any employee either for compensation under this title or at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident, and in any such suit such employer shall not be permitted to defend upon any of the following grounds:
> · 1. That the employee was negligent;
> 2. That the injury was caused by the negligence of a fellow employee; or
> 3. That the employee had assumed the risk of the injury.

Defendants demurred to Plaintiff's Complaint arguing that Plaintiff's Complaint failed to establish a prima facie case for negligence, most

notably failing to allege enough facts regarding Defendants' alleged breach of duty and proximate causation. Defendants' Demurrer 1-2, Mar. 8, 2016.

Plaintiff interprets Code § 65.2-805(A) to entitle him to an automatic recovery in a civil suit for the injuries he sustained while employed by Defendants. For support, Plaintiff points to the General Assembly's language in § 65.2-805(A) that the noncompliant employer "*shall* . . . be liable [during the period of their noncompliance] either for compensation under this title or at law in a suit instituted by the employee . . . to recover damages for personal injury." Va. Code Ann. § 65.2-805(A) (emphasis added). Because of this seemingly strong language, Plaintiff argues that Code § 65.2-805(A) essentially creates a strict liability scheme wherein there is no need to establish a prima facie case of negligence. To interpret it otherwise, Plaintiff argues, would only amount to rewarding an uninsured employer by allowing them to benefit from their non-compliance, an end that the statute was specifically designed to prevent.

Defendants oppose Plaintiff's interpretation of Code § 65.2-805(A), arguing that such contradicts a plain reading of the statute. In support of their belief that Plaintiff must still establish a prima facie case for negligence, Defendants reference the three specific affirmative defenses delineated in the statute that employers are prohibited from asserting if an injured employee pursues a suit at law. Defendants contend that, given these three specifically excluded defenses, presumably to the inclusion of others, Plaintiff's strict liability interpretation is incorrect. Defendant reminds the Court of the maxim *expressio unius est exclusio alterius*, which stands for the proposition that "the mention of a specific item in a statute implies that other omitted items were not intended to be included within the scope of the statute." Def.'s Memo. in Support of Dem. at 6 (citing *Fisher v. Tails, Inc.*, 289 Va. 69, 75, 767 S.E.2d 710, 713 (2015); *Smith Mt. Lake Yacht Club v. Ramaker*, 261 Va. 240, 246, 542 S.E.2d 392, 395 (2001)). Defendants further raise policy implications that might need to be sorted out if Plaintiff's strict liability interpretation were to prevail. *See* Defendants' Demurrer 6-8 (discussing implications including the rules of evidence and other defenses available to employers under a different portion of the Act).

## Governing Law

### A. *Standard of Demurrers*

A demurrer tests the legal sufficiency of facts alleged in pleadings and admits the truth of the facts contained therein, along with those facts that may reasonably and fairly be implied and inferred; but it does not admit conclusions of law. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). "At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and

the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors,* 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013); *see also Kurpiel v. Hicks,* 284 Va. 347, 353, 731 S.E.2d 921, 925 (2012) ("The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted.") (citation omitted). Demurrers test "the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Kurpiel,* 284 Va. at 353, 731 S.E.2d at 925 (citation omitted). To survive demurrer, a pleading's facts must be sufficiently definite such that the pleading informs the opposing party of the "true nature of the claim." Va. Sup. Ct. R 1:4(d). A demurrer "should be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Welding, Inc. v. Bland Cnty. Serv. Auth.,* 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001).

## B. *Virginia Code § 65.2-805*

Consistent with the widespread enactment of workers' compensation legislation across the country following the rise of workplace injuries in the late Nineteenth and early Twentieth centuries, the Virginia Workers' Compensation Act was created for a very specific end: Allowing more workers the ability to recover for workplace injuries without regard to negligence or fault, while simultaneously protecting employers from potentially crippling liability costs (as was often the case when an injured employee prevailed in tort). 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law,* §§ 2.07-2.08 (2012); Marion G. Crain et al., *Work Law: Cases and Materials* 863 (2005); see Debra T. Ballen, "The Sleeper Issue in Health Care Reform: The Threat to Workers' Compensation," 79 Cornell L. Rev. 1291, 1292 (1994) (explaining that the workers' compensation system arose in the context of increased injuries resulting from the Industrial Revolution); see, *e.g., Low Splint Coal Co. v. Bolling,* 224 Va. 400, 406, 297 S.E.2d 665, 668 (1982) (discussing the balancing act which the workers' compensation act achieved between the interests of employees and employers); *Feitig v. Chalkley,* 185 Va. 96, 98, 38 S.E.2d 73, 73-74 (1946) (explaining the general notion of workers' compensation in Virginia); *Humphries v. Boxley Bros. Co.,* 146 Va. 91, 95-96, 135 S.E. 890, 891, 891 (1926) (explaining the same). *See generally Counts v. Stone Container Corp.,* 239 Va. 152, 387 S.E.2d 481 (1990) (explaining that the broad sweep of the Act's interests included (1) charging the costs of an industrial accident to the industry, and (2) assuring that others involved in the industry would be immune from common-law liability).

The Act obligates employers to compensate their employees for injuries suffered in the course of employment, irrespective of fault or negligence. In exchange, the injured employee is generally precluded from pursuing a civil tort claim against the employer. *See* Va. Code Ann. § 65.2-307. *See*

*generally Feitig,* 185 Va. at 98, 38 S.E.2d at 73-74 (explaining the general notion of workers' compensation in Virginia); *Humphries,* 146 Va. at 95-96, 135 S.E. at 891 (explaining the same). An employee's right to recover under the Act is not necessarily outright, however. An employee may still be prohibited from recovery if their injury results from conduct specifically enumerated in Code § 65.2-306. Va. Code Ann. § 65.2-306 (outlining six affirmative defenses that are available to employers under the Act, including intentional self-injury and intoxication).

The specific statute at issue here, Code § 65.2-805(A), reflects an exception to the Act's general requirement that an injured worker may only obtain recovery through a workers' compensation claim. Under Code § 65.2-805(A), if an employer fails to obtain the necessary liability insurance to cover workplace injury, it becomes open to a potential common law personal injury lawsuit, should the employee so elect. Code § 65.2-405(A) grants an injured employee the choice to proceed through a normal workers' compensation claim or through a lawsuit for personal injuries. If the employee chooses to pursue such a suit, Code § 65.2-805(A) further prohibits the employer from asserting the defenses of contributory negligence, negligence of a fellow employee (*e.g.,* the fellow servant defense), and assumption of the risk. As noted, though, the Act also sets limitations on the type of injuries for which an employee can recover generally. *See supra.* The statutory scheme of the Act thus contemplates a streamlined path of litigation for the plaintiff, without forcing the defendant to be liable for non-compensable injuries and without subjecting a plaintiff a "full blown" civil law suit.

Code § 65.2-805(A) has only been the subject of very few cases in the Supreme Court of Virginia. For present purposes, the most important of these cases was *Virginia Used Auto Parts, Inc. v. Robertson,* 212 Va. 100, 181 S.E.2d 612 (1971), even though it ultimately concerned a different issue. In *Virginia Used Auto Parts,* the Supreme Court of Virginia held that an employee, who had chosen a suit at law for recovery under the statute, but had been unsuccessful in that suit, was not barred from seeking compensation through a traditional workers' compensation claim under the statute. *Id.* at 102-03, 181 S.E.2d at 613-14.

Similarly, the Supreme Court of Virginia decided in *Delp v. Berry* that an employee who has been unsuccessful in collecting an award through a workers' compensation claim is not barred from resorting to a civil action to recover damages from the employer. 213 Va. 786, 789, 195 S.E.2d 877, 879 (1973). However, if the employee obtains a full recovery under one of the two avenues of relief afforded in Code § 65.2-805, they are not entitled to pursue the other avenue. *See id.* (holding that an injured employee is only entitled to one full recovery but where an employee does not receive the full satisfaction of payment for their injury, they may pursue the other avenue).

In its analysis, the *Virginia Used Auto Parts* Court reiterated that Code § 65.2-805 was "penal in nature" and provided "extraordinary advantages to an injured employee 'when his employer has failed or refused to comply with the Act." *Virginia Used Auto Parts, Inc.*, 212 Va. at 102, 181 S.E.2d at 613. The Supreme Court emphasized that the statute was to be "liberally construed in favor of the employee," *id.* (citing *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942)), and concluded that "[Code § 65.2-805] expressed the overriding legislative intent that an uninsured employer shall be liable to his employee injured in an accident arising out of and during the course of his employment." *Id.* at 103, 181 S.E.2d at 614.

Relying heavily on the analysis in Virginia Used Auto Parts, this Court has recently ruled that a plaintiff-employee who was injured while loading the defendant-employer's trucks was entitled to Partial Summary Judgment under Code § 65.2-805. *See* Letter Opinion, *Wade v. Scott Recycling, L.L.C.*, 89 Va. Cir. 319 (Roanoke City 2014). Holding that Code § 65.2-805(A) established the defendant's liability as a matter of law, Judge Carson opined that "both the language of Virginia Code § 65.2-805, as well as the Supreme Court of Virginia's interpretation of the statute" necessitated granting the Motion for Partial Summary Judgment. *Id.* at 1-2, 4. Plaintiff argues that Judge Carson's recent opinion should be dispositive of the present case.

*Analysis*

A. *Applicability of Workers' Compensation Act*

In order for Plaintiff to succeed on the merits, Defendants must have been subject to the Act, Code §§ 65.2-100 *et seq.*, as a threshold matter. Defendants have challenged the applicability of the Act, and claim that they were not obligated to carry compensation insurance for Plaintiff. This is a key distinction from *Wade*, where the employer conceded that he fell within the punitive ambit of Code § 65.2-805.

Pursuant to the Act, an employer is exempted from its purview, and therefore its requirement to insure its employees for workplace injuries, if the employer has less than three employees "regularly in service" within his business. *See* Code § 65.2-101(2)(h) ("Employee"); *Ragland v. Muguruza*, 59 Va. App. 250, 255, 717 S.E.2d 842, 844-45 (2011) (quoting *Hoffman v. Carter*, 50 Va. App. 199, 210, 648 S.E.2d 318, 324 (2007)); *Craddock Moving & Storage Co. v. Settles*, 16 Va. App. 1, 3, 427 S.E.2d 428, 430 (1993). *See generally Cotman v. Green*, 4 Va. App. 256, 356 S.E.2d 447 (1987) (discussing the same principle). If a particular employer is challenging his being subject to the Act, it is his burden to prove that he had less than three employees "regularly in service" within his business. *See, e.g., Uninsured Employer's Fund v. Kramer*, 32 Va. App. 77, 82, 526

S.E.2d 304, 306 (2000); *Craddock Moving & Storage Co.*, 16 Va. App. at 3, 427 S.E.2d at 430.

The Act also does not apply to independent contractors. *Accord Richmond Newspapers, Inc. v. Gill*, 224 Va. 92, 97, 294 S.E.2d 840, 843 (1982) (citing *Stover v. Ratliff*, 221 Va. 509, 511, 272 S.E.2d 40, 42 (1980)). Whether a putative employee is to be more appropriately classified as an independent contractor, and thus falling outside of the protections afforded employees under the Act, is a common law determination involving several facts and inquiries, most important of which is determining who holds the power and discretion to control the methods and means of the work to be accomplished. *See, e.g., id.* at 97, 294 S.E.2d at 843 (holding that the determination of whether an individual is an independent contractor lies in the common law and not under an express provision of the Act); *Intermodal Servs. Inc. v. Smith*, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988) (holding that if the putative employee has the discretion to adopt the means and methods he wishes to accomplish the required work, he is an independent contractor); see also *Craig v. Doyle*, 179 Va. 526, 531-32, 19 S.E.2d 675, 677 (1942) (outlining the primary test of an independent contractor as being whether the putative employee has the power to direct and control the performance of the work).

There is at least one case in the Court of Appeals of Virginia holding that a roofer, such as Plaintiff here, was acting as an independent contractor when he suffered a workplace injury. *See Juarez v. C. Woolfrey Constr.*, No. 2289-9804, 1999 Va. App. LEXIS 370 (June 22, 1999) (unpublished opimiom). However, this holding is not generally applicable to all roofers, and the determination of independent contractor status varies depending on the circumstances of each case.

At this particular stage in the litigation, it is not possible to determine whether Defendants are subject to the Act as a matter of law. Not only would this require an analysis of facts that are not currently before the Court, but it would violate the principle that, on demurrer, "it is not the function of the trial court to decide the merits of the allegations set forth in a complaint . . . ." *Friends of the Rappahannock*, 286 Va. at 44, 743 S.E.2d at 135. However, inasmuch as ruling on Defendants' Demurrer inherently requires an interpretation of Code § 65.2-805(A), the Court assumes solely for the purpose of ruling on this Demurrer, and without deciding as a matter of law, that Defendants are subject to the insurance requirements of the Act.

## B. *Interpretation of Virginia Code § 65.2-805*

Notwithstanding the "overriding legislative intent" and penal nature of Code § 65.2-805, both of which are undisputed, Defendants' arguments embody the correct interpretation of the statute as it relates to the present case. Code § 65.2-805(A) cannot be read to dispense with an injured employee's

need to establish a prima facie case of negligence if the employee chooses to proceed with a suit at law for recovery under the statute.

Plaintiff's strong emphasis on the statute's phrase "shall . . . be liable," although not unreasonable, is not determinative. Code § 65.2-805 does not invoke, in any place of the statutory text, the term "strict," "strictly liable," or "strict liability." The General Assembly could have employed such a term to ensure, without any doubt whatsoever, that Code § 65.2-805(A) would be viewed as dispensing of the need to establish a prima facie case of negligence. However, it did not.

Moreover, the meaning of the phrase "shall . . . be liable" is given context by the General Assembly's specific delineation of three affirmative defenses that an employer is prohibited from arguing in a common law suit under the statute. If one were to read Code § 65.2-805(A) as a strict liability provision, the mentioning of the three precluded affirmative defenses is useless, superfluous, and unnecessary. If an injured employee who chose to pursue recovery via a suit at law under the statute were entitled to a strict liability recovery, presumably all affirmative defenses — not just three — would be "off the table." However, by indicating that the employer is prevented from asserting certain defenses if sued under the statute, it necessarily implies that the General Assembly contemplated and granted employers the ability to assert other pertinent defenses (*i.e.,* illegal act, third-party liability, etc.). Moreover, the General Assembly's use of the word "suit" implies a lawsuit, and not simply an automatic action for damages.

A strict liability interpretation would also contradict the General Assembly's specific limitations of recovery for employees in a workers' compensation claim. Code § 65.2-306 requires that "no compensation shall be awarded to the employee or his dependents for an injury or death caused by [six categories of conduct]," including, *inter alia,* intoxication, the failure to use a safety appliance, and the willful breach of a reasonable rule adopted by the employer and known to the employee. Va. Code Ann. § 65.2-306(A). Such defenses are clearly at odds with "strict liability." Therefore, Plaintiff's interpretation of Code § 65.2-805(A) undercuts the boundary the General Assembly clearly set out — that employees cannot recover for non-compensable injuries.

Furthermore, requiring Plaintiff to establish a prima facie case of negligence is not necessarily inconsistent with the Supreme Court of Virginia's admonition that the statute be "liberally construed," *see Virginia Used Auto Parts, Inc.,* 212 Va. at 103, 181 S.E.2d at 614, in favor of the employee. Under the statute, a non-compliant employer is already punished by fines, by being subject to a common law tort suit from which they are normally immune, and by being prevented from asserting arguably their most important defenses should they face such a suit. In short, the odds are already stacked against non-compliant employers. Accordingly, when one acknowledges the General Assembly's intentional choice to select

three defenses that employers cannot assert in an employee's discretionary lawsuit under Code § 65.2-805(A), it is reasonable to assume that the General Assembly wanted to make it significantly difficult for employers to "benefit from their non-compliance," but that it did not want to completely foreclose the possibility if the circumstances of a particular case dictated.

Plaintiff has repeatedly emphasized, in both written and oral argument, that if Code § 65.2-805 is interpreted as not being a strict liability framework, this would allow a non-compliant employer to "benefit from" or be rewarded for his or her intentional non-compliance. The logic of this argument is certainly sound; however, its strength is somewhat weakened by virtue of the fact that, under the statute, a non-compliant employer is already subject to potentially ruinous fines. *See* Code § 65.2-805(A).

Plaintiff understandably relies on *Wade v. Scott Recycling, L.L.C., supra*, and posits that it should be dispositive of the issue before the Court here. However, while these cases are certainly factually similar, their procedural postures differ in some important respects.

Most importantly, the present case is before the Court on Defendants' Demurrer. As such, the analysis is restricted to considering the sufficiency of the allegations. The *Wade* case was before the court on the merits. In that case, no demurrer was brought forth. This was because the plaintiff's Complaint in *Wade* pled a prima facie case of negligence. *See* Complaint, *Wade v. Scott Recycling, L.L.C.*, CL14-124 (Roanoke City, Nov. 20, 2014) ¶¶ 20-27 (alleging a duty, a breach of duty, causation, and damages). This hurdle has not been overcome in the present case; Plaintiff has done nothing more than plead that he was injured while using a nail gun while at the house on Chapman Avenue. Thus, the *Wade* opinion was one step further along procedurally than where the present case is currently situated. Indeed, Defendants have conceded that had a prima facie case been pled, they would not have demurred and the case would have proceeded on the facts and the merits.

In addition to distinguishing *Wade*, there is another circuit court case out of Loudoun County that refused to interpret Code § 65.2-805 as imposing strict liability. *Siso v. Aradi, Inc.*, 1995 Va. Cir. LEXIS 1443 at *2-4 (Loudoun Cnty. Apr. 3, 1995). In that case, the Circuit Court of Loudoun County refused to allow the plaintiff to amend their motion for judgment to include a strict liability count. Judge Chamblin held that "[t]he language of § 65.2-805 is clear in what advantages plaintiff employees receive in civil suits where an employer has not provided Workers' Compensation coverage. A provision for strict liability is not one of them and the Court finds no legal basis to infer one from the statutory language." *Id.* at *3.

Lastly, while the Court is mindful of their non-binding nature, there are several cases from foreign jurisdictions that reinforce an employee's obligation to establish a prima facie case of negligence under those state's respective statutes. *See, e.g., Workman v. Anderson Music Co.*, 2006 Ok.

Civ. App. 123, 149 P.3d 1060, 1062-63 (Okla. Civ. App. 2006) (refusing to view Oklahoma's statute governing non-compliant employers as creating strict liability, and opining that if an employee sues under the statute, it "is incumbent upon him to establish primary negligence, and the injury and causal connection") (citations omitted); *Skinner v. Smith*, 255 S.W.2d 621, 622 (Ky. App. 1953) (requiring as a pre-requisite to recovery that the appellee establish a case for negligence against the employer); *Duncan v. Dickie Rector Lumber Co.*, 31 Tenn. App. 155, 212 S.W.2d 908, 911 (Tenn. Ct. App. 1948) (holding that the statutory restrictions relative to an employer's affirmative defenses, where the employer elects not to operate under the respective workers' compensation law, cannot extend so as to deprive the employer of being able to require the plaintiff-employee to establish a case of negligence against the employer) (citing, *inter alia, Moore Coal Co. v. Brown*, 166 Tenn. 516, 64 S.W.2d 3, 4 (Tenn. 1933)); *Conway v. Park*, 108 Ind. App. 562, 31 N.E.2d 79, 81-82 (Ind. Ct. App. 1941) (reversing the lower court's interpretation of Indiana's statute governing non-compliant employers, which is nearly identical to Code § 65.2-805(A), and holding that even though an injured employee has the right to pursue a common law suit, "he [still] assumes the burden of alleging in his complaint sufficient facts to constitute an action at law against his employer"); *Moore Coal Co.*, 64 S.W.2d at 4 ("But notwithstanding the elimination of [the defenses of assumption of the risk and fellow-servant negligence by virtue of the employer electing to not comply with the workers' compensation statute], plaintiff is entitled to damages only if his injury was proximately caused by some act or omission on the part of the employer or his agents amounting to negligence, or want of reasonable care.").

Analyzing solely the sufficiency of the factual allegations in Plaintiff's Complaint, it is clear that Plaintiff's Complaint is deficient. Plaintiff has not pled a prima facie case of negligence — the Complaint lacking, most notably, facts to suggest Defendants' breach of duty and proximate causation. That Count 1 of Plaintiff's Complaint includes the word "Negligence" does not change the fact that Plaintiff failed to plead therein enough facts to suggest that Defendants breached a duty owed to Plaintiff, and that such breach was the proximate cause of Plaintiff's injury. In order to proceed with a determination of whether Defendants are liable under the statute, Plaintiff must clear this initial hurdle of pleading a prima facie case.

## Conclusion

In sum, Code § 65.2-805(A) cannot be interpreted to completely dispense of an injured employee's obligation to establish a prima facie case of negligence in a common law suit for the recovery of injuries sustained during employment with an uninsured employer. Having failed to plead such a case, Plaintiff's Complaint is deficient as a matter of law, and Defendant's Demurrer is sustained. Plaintiff is granted leave to re-plead.